## BRAZIER *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *Reversal; what not sufficient cause for.*—The use of the word "charged" in an indictment, instead of the word "charge," if the indictment is otherwise formal, is not such a defect as will justify a reversal after verdict in the court below, the objection being made for the first time in this court on appeal.

2. *Same.*—On appeal, in a criminal case, the whole record is to be looked to in order to enable the supreme court to make up its judgment; and if the whole record so explains itself as to make all the parts consistent, a cause will not be reversed because it appears that the accused was indicted by the name of *Henderson Brazier*, but applied for and obtained a removal of the trial in the name of *John H. Brazier*, when the judgment itself shows that Henderson Brazier and John H. Brazier are the same person, no objection or exception being made in the court below.

3. *Panel; when should be quashed.*—A jury not drawn in strict accordance with the requirements of the statute, should be quashed on motion of the accused. A failure to have the name of each juror written on a separate slip of paper, and drawn as required by the statute, is a fatal irregularity, for which the jury drawn should be quashed.

APPEAL from the Circuit Court of Fayette.
Tried before Hon. W. S. MUDD.

The appellant was indicted for murder, tried and found guilty of murder in the first degree, and sentenced to the penitentiary for life. On the trial, as shown by the bill of exceptions, the following proceeding occurred in relation to drawing the names of the jurors. After the number of jurors had been summoned, and a list thereof duly served on the defendant, as required by law, "it appeared, during the progress of the trial, that only forty-five separate slips of paper had been placed in the hat, from which to draw the jurors for the trial of defendant; that these slips contained the names of forty-five of the names contained in the list served on defendant, and that one of said slips contained the name of two of said persons, written on

opposite sides of the same slip. The discovery of this fact was not made until said slips had been drawn from the hat, and ten persons had been impanneled and accepted without objection, as jurors in the case. After the slips in the hat were exhausted, and the jury still incomplete, it appeared that the names of four persons served on the defendant had not been drawn at all, and it was then found that the names of three of these persons had never been put in the hat at all, and that the fourth one's name had been written on one of the slips which had been drawn, and on the opposite side of which was the name of another person named in the list served on the prisoner. The defendant then moved the court to quash the *venire*, and set aside the panel of jurors already accepted. The court overruled the motion, and defendant excepted."

" The court then ordered the names of the three persons whose names had not been placed in the hat originally, and the name of the one written on the opposite side of a slip already drawn and containing the name of another on the other side, to be placed in the hat and the drawing to proceed to the completion of the jury. To this action of court the defendant excepted. The names of this person was drawn out and accepted by the State and put upon the defendant for acceptance or challenge, and defendant duly excepted. The other three names were drawn and accepted by the State, and put upon the defendant for acceptance or challenge, before the jury was completed. To this action of the court defendant duly excepted. After the jury was complete the defendant moved the court to set aside and quash the panel, which motion was overruled, and defendant excepted. At the time the names originally placed in the hat were found to be exhausted, and before the order was made to place the names of the other four persons in the hat, the State had four peremptory challenges, and the defendant had six peremptory challenges remaining."

The other facts necessary to an understanding of the objections raised in this court will be found in the opinion.

Brazier v. The State.

TERRY & WILLETT, and A. J. WALKER, for appellant. JOSHUA MORSE, Attorney-General, *contra.*

PETERS, J.—Henderson Brazier was indicted for murder in the circuit court of Fayette county on the 28th day of September, 1869. The indictment is in the form prescribed by the Revised Code, except it is stated therein that the grand jury "*charged* that before the finding of this indictment *Henderson Brazier* unlawfully, and with malice aforethought, killed Cicero Gregory, by shooting him with a gun or pistol, against the peace and dignity of the State of Alabama." It is contended that the use of the imperfect tense instead of the present tense of the word *charge* makes the indictment bad, even after a plea to the merits and judgment. In support of this position it is said that the form of words used here is a mere recital of the fact that a certain accusation had been made, and not a direct statement of the facts constituting the offense intended to be charged, as the law requires ; and that it is a departure from the form laid down in the Revised Code.—Rev. Code, § 4109, 4112 ; Rev. Code, appendix, p. 808, No. 2. It is no doubt best, that in all cases where precise forms have been given in the Code, these forms should be followed in practice, but at the same time, if the defect is such an one as could be amended with the consent of the accused, in the court below, and he goes to trial upon the informal indictment, he must be held upon objection, for the first time in this court, to have waived it. This can hardly be said to be bad grammar or bad English which would be amendable, but it seems to me to fall within the reason of the rule in such cases. The common law respects the effect and substance of the matter, and not every nicety of form or circumstance. This also seems to be the statutory interpretation of the rule for the amendment of mere formal defects.—Broom's Maxims, pp. 298–99, marg.; Rev. Code, §§ 4142, 4143, 4128. In this case there was neither a demurrer nor a motion in arrest of judgment. The accused, then, must be held to have waived the defect.— Broom's Maxims, 58–9, marg.; *Francis v. The State,*

20 Ala. 83 ; 1 Bish. Cr. Proc., § 236 ; *Hastings v. Bolton*, 1 Allen, 529.

The law does not deny to a person the right to be called by two christian names, by either of which he may be known and called, and by either of which he may be indicted.—*The State v. Leroy*, 2 Brev. 395 ; *The State v. Hand*, Eng. 165 ; *People v. Kelly*, 6 Cal. 210; *Walden v. Holman*, 6 Mo. 115, S. C.; 1 Salk. 6. Here the defendant was indicted by the name of *Henderson Brazier*, and he was arraigned and pleaded not guilty to this indictment, by the name of *John H. Brazier*. And in this latter name he applied for and obtained an order for the removal of the trial of the indictment, to which he had pleaded, from the county of Fayette to the county of Sanford. After the trial of this cause was removed to the county of Sanford for trial, it is entitled on the docket of the circuit court of said county of Sanford, "The State *vs.* J. H. Brazier, for murder." This cause is there continued at the instance of the State, and "the prisoner" is "remanded to the jail of Pickens county, unless he enter into bond," &c. On the 4th day of April, 1870, the case of "The State *vs.* Henderson Brazier, for murder," was by order of said circuit court of Sanford county, set for trial on the 7th day of April, 1870, in said last named circuit court, and said *Henderson Brazier* was in court, in his own proper person, at the time said order for trial was made, and he interposed no objection to said order. The trial was had on the day appointed by the order of the court as above stated. The entry of the judgment is in these words :

"The State *vs.* Henderson Brazier. } Indicted for murder of Cicero Gregory.

"This day came Alexander Cobb, solicitor, &c., who prosecutes for the State, and came also the defendant, Henderson Brazier, who is styled and called in some parts of the record in this case by the name of John H. Brazier, in his own proper person and by counsel, and the said defendant having heretofore been arraigned on the indictment in this case, and he having heretofore in his own proper person plead to said indictment that he was not

guilty, of which plea said defendant, in his own proper person, puts himself upon the country for trial, and issue being joined upon said plea, thereupon came a jury of good and lawful men, to-wit, James T. Collins and eleven others, who, being impanneled, sworn, and charged well and truly to try the issue joined, and a true verdict render according to the evidence, on their oath do say—we, the jury, find the defendant guilty of murder in the first degree, and say that defendant shall suffer imprisonment in the penitentiary for life. And the defendant being asked whether he had any thing to say why sentence of the law should not now be pronounced upon him, says nothing. It is therefore the judgment, order and sentence of the court, that said defendant be imprisoned in the penitentiary of this State for life. But, because (a) certain questions of law arising in this case have been reserved for the consideration of the supreme court, by bill of exceptions, duly taken and signed by the presiding judge, it is thereupon considered by the court, that the sentence of the court in this case be suspended until the sixth day of August next, that being sixty days after the commencement of the next ensuing term of said court.

"It is further considered by the court, that the State of Alabama recover of defendant the costs of this prosecution, for which let execution issue." There was no objection or exception to this judgment.

The indictment upon which this conviction took place, was the same that was found by the said grand jury, of the said county of Fayette, abovesaid, on the 28th day of September, 1869.

The court here must look to the whole record, in order to make up its judgment. If there are irregularities in the record, which the record itself explains, this explanation is sufficient. Then it sufficiently appears by the record, that *Henderson Brazier* and *John H. Brazier* were the same person ; therefore, the seeming duplicity of names mentioned in the record was not real, and so far as it constituted an irregularity in the proceedings in the court below, it was cured by the verdict.—*Smith v. The State*, 8 Ohio, 294. The objection, that the record shows error in the removal

of the trial from the county of Fayette to the county of Sanford, is not well taken.

This accusation is a felony ; on conviction, the accused is subject to be punished by death, or confinement in the penitentiary.—Rev. Code, §§ 3541, 3654.  In the trial of such offenses the fundamental law of the State secures and guarantees to the accused a trial by jury.  The common law import of the word *jury* is twelve men, impanneled, sworn, and charged according to law, and this is the force of the word as used in our constitution.— *Work v. The State*, 2 Ohio St. R. 296 ;  *The State v. Cox*, 3 Eng. 436 ; 2 Lead. Cr. Cases, 327, and note ; *Milligan's case*, 4 Wall. 119 ;  Story on Const. § 1779 ;  *Turns v. Commonwealth*, 6 Met. 224 ; Shaw, C. J. *arguendo*, p. 235 ; *Lamb, et al. v. Lane*, 4 Ohio St. R. 167 ;  *Wynehamer v. The People*, 3 Kernan, N. Y. 376 ;  *People v. Kennedy*, 2 Parker's Cr. Cas. 312 ; Const. Ala. 1867, art. 1, § 13.

On the trial, in such a case, the statute directs how the jury shall be drawn.  This statute confers certain rights upon the accused, which enable him to obtain a fair and impartial trial.—Rev. Code, § 4173, 4177 ; Const. Ala. 1867, Art. 1, § 8.  The directions thus given are peremptory.  They can not be disregarded by the courts.—*Ex parte Chase*, 43 Ala. 303 ; 3 Chitty's Gen. Pr. 53, 54, 55.  The names of the jurors must be written on *separate* slips of paper, and each name by itself, folded or rolled up, placed in a box or some substitute therefor, and shaken together, and then the slips drawn out, one by one, until the jury is completed, as prescribed in the statute. · The jury in this case was not drawn as required by law.  The accused did not waive the irregularity thus committed.  His motion to quash the jury should have prevailed.  The court erred in its refusal.  For the error thus committed, this cause is reversed and remanded, and a new trial is ordered.  In the meantime the appellant, the said Henderson Brazier, will be kept in custody until discharged by due course of law.