## POWELL *vs*. THE STATE.

[ INDICTMENT FOR MURDER. ]

1. On the trial of a capital felony, W. was summoned as a juror. Being sworn and examined by the court, he was pronounced competent, and was then accepted by the State and by the accused as one of the jurors for the trial. W. then informed the court that he was a member of a fire company and was therefore not liable to serve on the jury, and asked to be discharged. The court replied, that he could not be discharged. W. then told the court that he would discharge himself, and left the court room; and thereupon, without discharging W., the court caused another juror to be selected in his place, without the consent of the accused,— *Held*, that this was an error for which the judgment must be reversed.

APPEAL from the Circuit Court of Macon.
Tried before Hon. LITTLEBERRY STRANGE.

The opinion states the case.

GRAHAM & ABERCROMBIE, for appellant.—The juror West was pronounced competent by the court and accepted by the State and defendant. Whatever rights he may have had to claim exemption from jury duty, he waived them by not making his excuse before he was accepted. The decision of the court would therefore have been right, even if the juror West had been exempt from jury duty under the charter of the fire company. That charter is not set out, and this court must presume, therefore, that the ruling of the court was right in every aspect of the case.

The court had no right to excuse West under the circumstances of the case. There was no *necessity* or law to authorize such action. It matters not, therefore, that the court acquiesced (by not attaching the juror for contempt) in the juror's determination to "excuse himself;" the court had no power to sanction or confirm, directly or indirectly, the action of the juror.—*Lyman v. The State*, 45 Ala. 72; *Boggs v. The State*, 45 Ala. 30.

The rights of the defendant having been violated by the improper discharge of the juror, the case must be reversed.

JOHN W. A. SANFORD, Attorney-General, *contra.*

PETERS, J.—At the spring term, 1872, of the circuit court of Macon county, the appellant, John Powell, was indicted for the murder of Irwin Foster, arraigned and put upon his trial, on the plea of not guilty. The bill of exception shows, that his "case being regularly called and both parties having announced "ready," and proceeding to select a jury to try said cause under the provisions of the statute in such case provided, one *P. S. West,* who was regularly summoned as a juror to try said cause, was called and being examined by the court as to his qualifications and competency as such juror, was pronounced by the court a competent juror and so put upon the parties, and as such was accepted by the State and also by the defendant; the said juror then remarked to the court that he was a member of a fire company, and therefore excused from serving as a juror; and in reply to said remark, the court said that the court could not excuse him: thereupon, the said juror said that he would excuse himself, and retired from the court room, against the objection of the defendant and without any further action or order of the court, and the defendant excepted." The court then went on with the selection of the jury until the proper number was completed; but after twelve were selected, including said *P. S. West,* the defendant objected that any other juror should be selected in his place. The court overruled the objection, and completed the jury without him. The defendant again excepted. And his exceptions were properly made a part of the record in the case. The jury having been so selected the parties proceeded to trial, and the defendant was found guilty of manslaughter in the first degree, and by proper judgment of the court he was sentenced to hard labor for the county for the term of seven years, and to pay the costs of the prosecution. From this judgment he

appeals to this court, and here insists that the court below erred in the manner of selecting the jury to try him.

This case presents some unusual incidents in a criminal trial of so serious a character as this, and which are not without embarrassment. The juror *West* was clearly guilty of a contempt, in quitting the court without permission of the presiding judge. A judicial contempt is any willful disregard of the authority of the court, rightfully exercised. The power to punish for contempt is inherent in the court. In this State, the exercise of this power is limited to certain specified "cases." There are *seven* cases enumerated. The first of these is defined in the following words, viz: "Disrespectful, contemptuous, or insolent behavior in court, tending in any wise to diminish or impair the respect due to judicial tribunals, or to interrupt the due course of the trial."—Revised Code, § 637, cl. 1 ; see, also, *Withers v. The State, ex rel.*, 36 Ala. 252 ; *Ex parte Walker*, 25 Ala. 87 ; 2 Bac. Abr. (Bouv.) p. 616 ; *Courts*, 2 Bac. Abr. (Bouv.) 233, 234, E ; *United States v. Hudson*, 7 Cra. 32 ; *Yates v. Landing*, 6 John. 337. The court, then, had the authority to attach the insurgent juror and to inflict punishment for his contempt, if found guilty on a hearing, by a fine not exceeding fifty dollars, and imprisonment not exceeding five days.—Revised Code, §§ 637, 746, cl. 4. This power should have been exerted. It was due alike to the court and to the defendant. After a juror, summoned in a capital felony, is drawn and accepted by the State and put upon the acceptance of the accused, and taken as one of his triers by him, the court can not discharge him or permit him to be omitted from the jury, without the defendant's consent, except for the reasons specified in the statute law. I know no rule of law or necessity in such a case as this that forfeits this right of the accused. And he can not be deprived of the benefit of this right without his consent. *Brazier v. The State*, 44 Ala. 387 ; *Lyman v. The State*, 15 Ala. 72 ; *Boggs v. The State*, 45 Ala. 30. A juror who is entitled to be excused should not be kept on the jury, but he should insist upon his exemption before he is se-

lected and accepted by the accused as one of his triers. We are unwilling to believe that the learned judge of the court below would refuse or deny a proper exemption when properly made. A judge may err, but it is not to be presumed that he would willfully violate the law and deny a right secured to a citizen by law.—Revised Code, § 4078. The court may discharge a juror after his selection, if he becomes sick, or if for other cause it becomes *necessary*, in the opinion of the court, to discharge him.—Revised Code, §§ 4201, 4202, 4203. But it does not appear that the juror in this case was discharged by the court. After being selected and accepted by both parties, he was permitted to leave the court and another juror was selected in his place, without the consent of the accused. This was error.

The judgment of the court below is reversed, and the cause is remanded for a new trial. The accused, said John Powell, will be held in custody until discharged by due course of law.