## *Ex parte* Hamilton & Smith.

*Petition for Mandamus to Chancellor, in Matter of Contempt.*

*Attachment for contempt ; right to be heard by counsel.* — When a party to a pend-
ing chancery suit is attached for contempt in violating an injunction, there is no
provision of law, constitutional or statutory, which secures to him the right to be
heard by counsel in the matter of the contempt.

THE material facts of this case were thus stated in the opin-
ion of the court, as delivered by the chief justice : —

"PETERS, C. J. — Robert H. Smith and Peter Hamilton
make application to this court, by petition in writing, that the
court ' will grant unto them the writ of *mandamus*, directed to
the Hon. ADAM C. FELDER, the chancellor of the southern
chancery division of the State of Alabama, the judge presiding
at Mobile in the court of chancery for said first district, com-
manding him *to permit* said John Reid, Jr., *to be heard* by
your petitioners, his counsel, against said motion to commit
said Reid for alleged contempt of said court, and commanding
him *to permit* said Hamilton *to be heard* in opposition to said
order or decree to fine or otherwise punish him (for) the con-
tempt charged against him by said chancellor in said cause,
and in defence of his conduct as counsel for said Reid in the
matter of said proceeding in said cause, and commanding the
said chancellor to desist from further proceedings against said
Reid and said Hamilton, under his said order of February 9,
1874, *till* said Reid and said Hamilton *be heard thereon*, and *in
opposition thereto*, as they and each of them are by law enti-
tled to be heard ; or for such other process, writ, or relief in
the premises, as your petitioners are by law entitled to ask
and have.   And as in duty bound they will ever pray.'
    " It appears that the above application grows out of a cer-
tain proceeding arising on a bill of complaint filed by Cleve-
land F. Moulton, as · complainant, against Rufus Dane, as
sheriff of Mobile county, and John Reid, Jr.. as defendants,
on the 16th day of December, 1873, in the chancery court of
the said county of Mobile, in which, among other things, the
complainant prayed for certain *writs* of injunction against
said Dane, as such sheriff, and said Reid, Jr., restraining
said sheriff and others from doing certain things complained of
in said bill of complaint.   The writs of injunction thus asked
were granted by the order of the chancellor, and regularly
issued as required by law, and properly served.   After this
was done, said Moulton complained to said chancellor of said
chancery court, that said Reid had violated said order grant-
ing said injunction ; and thereupon, an attachment for a con-

tempt was issued out of said chancery court by said chancellor, against said Reid, for violation of said injunction, and Reid was brought before said court to answer for said alleged contempt, on said attachment. His answer was made in the usual form, but it was not deemed satisfactory by the court, and he was fined fifty dollars and costs for said contempt, and execution was ordered by the court to issue for the same. At the same time, upon the hearing of Reid's case for contempt, said Hamilton, the attorney of said Reid, admitted that he had advised said Reid to commit the acts with which he was charged as a contempt. This was done on affidavit in open court, made by Hamilton in person. The court thereupon fined Hamilton fifty dollars for contempt, and ordered execution as before for the same, and costs, against him. Proper orders of the court were entered in each of these cases against the respective parties charged and found guilty of contempt, said Reid and Hamilton. On the hearing of Reid's answer to the attachment for contempt, said Smith and Hamilton, or especially said Hamilton, sought permission to address the court, or to be heard in opposition to the proceeding to fine Reid for contempt, as complained of in said attachment. This permission was refused, and the court proceeded to give judgment against Reid for contempt on said proceeding, without hearing or permitting said Hamilton, as the counsel of Reid, to be heard in an argument or speech in his defence. This refusal to hear said Hamilton is the matter now complained of."

THOS. H. WATTS, for the petitioners. — Whenever proceedings are instituted to punish a party for an alleged violation of an injunction, the fact of his guilt must be clearly established, and he has a right to be heard in his defence. High on Injunctions, §§ 850, 870, 871 ; *Worcester* v. *Truman*, 1 McLean, 483 ; Robinson's Practice, vol. 6, pp. 625–6. An attachment for contempt is either a civil or a criminal proceeding ; and whether it be held the one or the other, the right to be heard by counsel is secured by constitutional provisions. Art. II. §§ 8, 12. This right has been fully recognized by this court, as applicable even to a *quasi* criminal proceeding in a mayor's court, for the breach of a municipal ordinance. *Withers* v. *The State*, 36 Ala. 252. No man's rights — neither his life, liberty, or property — can be safe, if his mouth, or that of his counsel, may be closed by the *fiat* of any court or judge.

. The proceeding for contempt, as shown by the record, was *coram non judice.* The injunction was void, because the chancellor had no jurisdiction of the subject-matter of the bill. Authorities cited on briefs in *Ex parte Reid, Ex parte Ham-*

*ilton,* and *Reid* v. *Moulton,* at present term. Being void, *mandamus* is the only remedy.

PETERS, C. J. — [After stating the facts, as above set forth.] The jurisdiction of the chancellor to grant an injunction in any case, on a bill filed, as he may think fit, is beyond all question. This power is expressly given by the statute. The authority, as expressed in the Code, is declared in these words: "Injunctions may be granted, returnable into any of the courts of chancery in this State, by the judges of the supreme and circuit courts, chancellors, and no other officers." Rev. Code, § 3426. When an injunction is so properly granted, issued, and served on the party or parties sought to be enjoined, it would be useless, if it could be disregarded. The order granting it is an order in the cause. To disobey such an order while it is in force is a contempt of the court. *Gates* v. *McDaniel,* 3 Port. 356. Under the Code, the chancellor has jurisdiction to issue an attachment for a contempt, against any party to a cause pending in the court, who refuses obedience to the chancellor's orders. Rev. Code, §§ 700, 638, cl. 3; *Ex parte Walker,* 25 Ala. 81. The chancellor, in the discharge of his duties as such, represents the sovereign power of the State in its judicial department. Const. of Ala. 1867, Art. III. § 1; Art. VI. § 7; Rev. Code, § 698. It is the duty of all parties litigant in such court, and their counsel, to yield a respectful obedience to their judgments, orders, and process, and the orders of a judge out of court, in an action or proceeding therein. Rev. Code, § 638, cl. 3. And especially is this duty enjoined on the attorneys of the court. Rev. Code, §§ 869, 871.

It is said in a book of accredited authority, that every court of record, as incident to it, may impose reasonable fines on all such as may be guilty of any contempt of its authority. 2 Bac. Abr. (Bouv. ed.) 633, E. And the courts may proceed in a summary way to punish for contempts, notwithstanding the constitutional provision, that crimes shall be tried by a jury. The power to punish for contempts is incident to courts of law and equity. 7 Cr. 32; 6 John. 337; 9 John. 395; 4 John. 317; 1 Burr's Trial, 352; Charlton, 136; 1 Breese, 266; 36 Ala. 253; 3 Port. 356, *supra.* Then, a proceeding for contempt is not a criminal prosecution. It is only in a criminal prosecution that the accused has the *right* to be *heard* by himself and counsel, or either. Const. Ala. 1867, Art. I. § 8. If a proceeding for contempt were a criminal prosecution, then it could not be tried by the chancellor, nor could a jury be dispensed with. Const. Art. I. § 8, *supra.* But, in such a proceeding, it is by due process of law to proceed by attach-

[State, ex rel. Stow.]

ment, as was done in the case here complained of.  3 Porter, 356, *supra.*  Then, under this article and section of the constitution, neither Reid nor his counsel has any right to complain.

It may, however, be thought that this right to be *heard* in argument before the court arises out of another clause of the constitution, which is in these words : " That no person shall be debarred from prosecuting or defending before any tribunal in the State, by himself or counsel, any civil cause to which he is a party."  Const. Ala. 1867, Art. I. § 12.  The language used in this latter section of the constitution is different from that used in the former.  There the right of the accused is to be " *heard* by himself and counsel, or either."  Here it is to prosecute and defend.  The former section gives the right to address the court and jury in behalf of the accused, because the issue on a criminal charge is to be tried by a jury.  But, in a civil case in a court of chancery, the argument of counsel is to aid the court with a clearer exposition of the law of the case, and of the facts.  In a technical sense, this is no part of the prosecution or the defence.  There was, then, no violation of right of the petitioners, or of their client, in the action complained of in the court below.  It is only when a party shows a clear right, which has been illegally denied him, that this court will grant a *mandamus* to enforce such right, or a prohibition to protect it, and there is no other adequate remedy to which he may resort.  In this case, the petitioners do not show that they stand in this attitude.  The application is, therefore, denied with costs.

