# Goldthwaite *v.* Ellison.

*Bill in Equity to have Certain Conveyances by Insolvent Debtors declared Parts of General Assignment.*

99  497
102  441

99  497
116  182

99  497
139  264

1. *Breach of trust; trustee in invitum.*—When a receiver, duly appointed by a Chancery Court, makes an unauthorized disposition of the trust fund confided to him to a person cognizant of the breach of it, who invests the money, such person becomes a trustee *in invitum* of such fund, and if the money can be traced into specific property a trust will attach to such property.

2. *Same; participation therein does not create a lien on other property.* The fact that a partnership firm in contracting a debt with a receiver, who is a member of such firm, participates in a breach of trust by the receiver, does not fasten a lien on the firm's property for the payment of such debt.

3. *Mortgage by insolvent partnership; part of its general assignment.*— A partnership that has borrowed trust funds from one of its members, who was the receiver in a chancery cause, without giving a mortgage on real estate as required by order of court, can not, on the day of making a general assignment for the benefit of its creditors, prefer the said receiver, by giving to him a mortgage on a part of the firm's property, although in pursuance of an agreement to give such mortgage, alleged to have been entered into when the loan was made; and a mortgage given under such circumstances will be construed to be part of the general assignment.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

On July 6, 1891, Moses Bros., who at that time, were engaged in the banking business in Montgomery, being insolvent, made a general assignment for the benefit of all their creditors. Among their creditors was H. C. Moses, (one of the firm of Moses Bros.), as receiver, appointed by the Chancery Court of Montgomery county, in the case of *Paull v. Knox.* To H. C. Moses, as receiver, Moses Bros. owed about $17,000.00. On the same day, July 6, 1891, Moses Bros. executed to the said H. C. Moses, as receiver, a mortgage on certain real estate to secure said indebtedness to him, at the same time they executed the general assignment of all their other property for the benefit of their creditors. H. S. Ellison and others, who were creditors of Moses Bros., filed the present bill in the Chancery Court of Montgomery county to set aside the alleged preference thus given to H. C. Moses, as receiver, and to declare the mortgage a part of the general assignment. H. C. Moses, as re-

32

ceiver, set up in defense of said suit, by plea, that he had received the money from the Chancery Court of Montgomery county with instructions to lend the same, secured by mortgages on real estate ; that he informed the said Moses Bros. of this instruction, and that they agreed to borrow the said money from him, and to execute to him a mortgage on real estate to secure the same, but they failed to do so until the morning of July 6, 1891, when they executed the mortgage above referred to. The sufficiency of this plea being questioned, the Chancery Court held it sufficient; and an appeal being prosecuted by H. S. Ellison and others, this court held the plea insufficient; and also declared the said mortgage to be a part of the general assignment. H. C. Moses then resigned his position as receiver, and Robert Goldthwaite, the present appellant, was appointed in his stead. The said Goldthwaite filed a new plea which set up practically the same defense as the plea of Moses, and demurred to the original bill. Said Goldthwaite also filed a cross bill. The purpose of the cross bill was, first, to enforce as a legal preference the mortgage given by Moses Bros. to H. C. Moses, as receiver ; and failing in that, second, to enforce a lien upon all of the property, real and personal, assigned by Moses Bros. for the benefit of all their creditors. The ground of the cross bill was that the funds loaned them by H. C. Moses, the said receiver, were trust funds, which were received by said Moses Bros. with the knowledge of their trust character, and confused by them with their own property so that the same could not be followed or identified. There was a motion made to dismiss the cross bill for the want of equity, and a demurrer was also interposed thereto assigning the want of equity in several respects.

On the submission of the cause, the chancellor overruled the demurrer to the original bill; sustained the demurrer to the cross bill, and also the motion to dismiss the same, and held the plea of the receiver Goldthwaite insufficient. The present appeal is prosecuted by said Goldthwaite, and this decree of the chancellor is assigned as error. All the other facts of the case are substantially the same as they were when the case was here on former appeal, reported as *Ellison v. Moses*, in 95 Ala. 221.

SEMPLE & GUNTER, and H. C. TOMPKINS, for appellant.— When a mortgage is given in fulfillment of a promise made for a consideration passing at the time of the promise, the mortgage, though not executed at the time, is, when executed, the same as if made at the time of the promise, so

[Goldthwaite v. Ellison.]

far as the parties themselves are concerned. *Holt v. Bancroft,* 30 Ala. 193 ; *Ex parte Walker,* 25 Ala. 81 ; *Cartwright's, Case,* 114 Mass. 230; *Una v. Dodd,* 39 N. J. Eq. 173; *Eikenberry v. Edwards,* 56 Am. Rep. 360; *Carpenter v. McBride,* 52 Am. Dec. 219 ; *Lathrop v. Bampton,* 89 *Ib.* 141; Pom. Eq., 1046-7-8; *Ex parte Ford,* 16 Q. B. D. 307; Jones on Mort., §§ 163-4; Code, § 3589; *Wilson v. Sheppard,* 28 Ala. 623; *Lee v. Lee,* 77 Ala. 412 ; *Mosely v. Norman,* 74 Ala. 425 ; *Vincent v. State,* 74 Ala. 282; 94 N. Y. 339-341. A contract being fully executed on one side, it is to be regarded, in equity, as having been executed on the part of the debtors upon the date of the promise which called for immediate security.—1 Story's Eq. Jur., § 64 g ; *Jacques v. Miller,* 22 Moak's Rep. 728 ; *Paulding v. Steel Co.,* 94 N. Y. 334.

. HORACE STRINGFELLOW and THOS. H. WATTS, *contra.*—1. The agreement of Moses Bros. to give a mortgage to H. C. Moses, as receiver, to secure his loan to them, was insufficient to prevent the mortgage subsequently executed from being made a part of the general assignment, by operation of section 1737 of the Code.—*Thompson v. Gordon,* 72 Ala. 455; *Adams v. Johnston,* 41 Miss. 258 ; Jones on Mortgages, § 163; Pomeroy Eq. Jur., §1235, and note 2; *Carr v. Passaic Land, Improvement & Building Co.,* 22 N. J. Eq. 85 ; *Ellison v. Moses,* 95 Ala. 221; *Rochester v. Armour,* 92 Ala. 432 ; *Holt v. Bancroft,* 30 Ala. 125 ; *White v. Cotzhausen,* 120 U. S. 329 ; *Wyeth Hardware Co. v. Standard Imp. Co.,* 47 Kan. 423. 2. The receiver did not have any right, claim or interest to the property owned by Moses Bros., and could not fasten a lien upon such property to the extent of the amout loaned them. *Phares v. Leachman,* 20 Ala. 683 ; *Maury v. Mason,* 8 Porter. 211 ; *Goldsmith v. Stetson,* 30 Ala. 164 ; *Stewart v. Fry,* 3 Ala. 578 ; *Martin v. Branch Bank,* 31 Ala. 115 ; *Case, Receiver v. Beauregard,* 1 Woods 125 ; *Denton v. Davies* 18 Ves. 504 ; *Lee v. Lee,* 55 Ala. 593 ; s. c. 67 Ala. 422 ; Perry on Trusts, §§ 841, 842; *Ex parte Jones,* 77 Ala. 333 ; *Peters v. Bain,* 133 U. S. 670 ; *Ellison v. Moses,* 95 Ala. 221.

STONE, C. J.—It is certainly true that a receiver appointed by the Chancery Court is charged with a trust that is very exacting in its required duties. It is equally true that the court making such appointment is armed with large powers to compel a faithful performance of the duties intrusted to him, and to punish any dereliction of which the receiver may be guilty. And when a receiver thus appointed makes an unauthorized disposition of the trust fund confided to

him, to a person cognizant of the breach of duty, such person receives the fund charged with the trust, and constitutes himself a trustee *in invitum* for its safe return.—*Lee v. Lee*, 58 Ala. 406. We need not decide to what extent, if any, the person to whom the receiver improperly confides the trust fund, thereby places himself under the jurisdiction and power of the Chancery Court. He is not the constituted agent, or appointee of the court, and does not, by such act, make himself a party to the suit. It would seem that he is beyond the reach and power of the court in that suit; for, as a rule, courts can make no orders which affect strangers to the litigation before them.

Under the averments of the bill before us, and of the plea filed by the receiver, there was a clear breach of trust on the part of the first receiver, in parting with the money without requiring the security the chancellor ordered him to take, and he thereby exposed himself to be dealt with personally.—*Ex parte Walker*, 25 Ala. 81; *Ex parte Hamilton*, 51 Ala. 66; *Ex parte John Hardy*, 68 Ala. 303. In addition, he fastened a personal liability on himself to account for the money; and the borrowers, if chargeable with a knowledge of the violated duty, incurred a similar pecuniary liability.

Giving to the averments of the plea their broadest extent, they fail to show that by the acts, conduct and declarations attending the loan of the money, the receiver acquired any title to, interest in, or lien upon the lot in controversy, or in or upon any other real estate Moses Brothers then owned. On the contrary, they show that their title, ownership and disposing power over their realty, and over every part of it, remained entirely unchanged, alike at law and in equity, until the mortgage was executed July 6, 1891. Till then, their debt, *as a debt*, was simply a promise to pay; and the fact that in contracting it they participated in a breach of trust, did not so change its nature as to fasten a lien on their property for its payment. Till then, Moses Brothers retained the absolute, unqualified power of disposition over their property, and every part of it, so far as the alleged agreement or understanding could affect it. Lien is never an incident of a contract, or money liability, unless made so by the terms of the contract, or by some rule of law.—13 Amer. & Eng. Encyc. of Law, 574-5. We do not think the amended plea makes any material change in the legal bearings of the question.

An ingenious and exhaustive argument has been submitted for appellant. It certainly shows a case of hardship, but it fails to convince us that there was power in any court

[Richmond & Danville R. R. Co. v. Greenwood.]

to compel a compliance with the agreement or under-standing set up in the plea. Had the money been traceable into specific property, a trust would have attached to such property, so long as it could be shown that the title to such property was acquired with knowledge, actual or con-structive, of the violated trust. This, not because the trust grew out of the chancellor's appointment of the receiver. It would rest on the broad, general, equitable doctrine, that one who acquires property with a knowledge that trust funds were misapplied in its acquisition, thereby constitutes him-self a trustee *in invitum*, and makes the fund misapplied a charge on the property. And it acquires no additional force or enlargement of its scope, from the fact that the trust was of judicial creation, so far as the mere right to trace the money is concerned. The only additional power the court was armed with in the present case, was that it could deal *in personam*. Beyond that, it had no greater power to compel the giving of security, than if the loan had been made by an agent or trustee of private appointment, under an agreement or understanding, such as is alleged in this case. It is too indefinite to be characterized as a contract, and specifically enforced as such.

We consider it unnecessary to again collate, or cite the authorites. That was carefully done on the former hearing. *Ellison v. Moses*, 95 Ala. 221; 11 So. Rep. 347. The question was very fully considered at that time, was much discussed, and the conclusion reached was the unanimous opinion of the court. We think that to depart from it would seriously impair the benefits of a wise and wholesome statute, and might lead to results we should strive to avoid. We adhere to that opinion..

Affirmed.