158 So. 531

### Ex parte HILL.

### STATE ex rel. v. HILL.

### 8 Div. 624.

Supreme Court of Alabama.
Jan. 3, 1935.

Julian Harris and Wade Wright, both of Decatur, for appellee.

McAfee & Nix and S. A. Lynne, all of Decatur, for appellant.

FOSTER, Justice.

This is an original petition addressed to this court, and seeks to review by certiorari an order of the circuit court, in equity, adjudging petitioner in contempt of that court, in that he violated an injunction issued out of it restraining him from maintaining on certain premises a liquor nuisance contrary to law; in that he has maintained such nuisance subsequent to the service of the writ of injunction on him. Wherefore the court "as a punishment for such contempt" ordered

that he "be imprisoned in the county jail for ninety days from this date."

■ The demurrer to the petition is not well taken, since certiorari is the appropriate method of reviewing the legal question presented by it; that the court exceeded its jurisdiction and power in making the punishment 90 days. Ex parte Dickens, 162 Ala. 272, 50 So. 218; Board of Revenue v. Merrill, 193 Ala. 521, 68 So. 971; Bankston v. Lakeman, 219 Ala. 508, 122 So. 819.

Section 3798, Code, provides that circuit courts may punish for contempt by fine not exceeding $50, and imprisonment not exceeding 5 days. Likewise, section 6481, Code, provides the same limitation on the power of the circuit court exercising equity jurisdiction.

It is conceded in brief for respondent that there is no statute which specifically provides as punishment by the circuit court for imprisonment in such cases exceeding 5 days.

But the argument is that the court is not bound by such limitation because (1) the statute to that extent encroaches on the inherent power of the court as a co-ordinate branch of the government; (2) that the statute does not apply to a civil contempt, and that such is this proceeding; and that it was not intended to apply to violations of injunctions of liquor nuisances specially provided for by other statutes.

■ Treating the contentions in their order: All recognize the fact that courts of common-law origin have the inherent power to punish for contempts, and that no statute is necessary to confer it. Gates v. McDaniel, 3 Port. 356; Easton v. State, 39 Ala. 551, 87 Am. Dec. 49; Powell v. State, 48 Ala. 154; Ex parte Hamilton, 51 Ala. 66; Coleman v. Roberts, 113 Ala. 323, 21 So. 449; Ex parte Dickens, supra.

At common law the extent of the punishment was discretionary with the court, subject to review for excessiveness. 13 Corpus Juris, 92, § 140.

■ The argument now made is that a statutory limitation is an encroachment upon such discretionary power. It is not without reputable precedent, 13 Corpus Juris, 47, note 49, though the right to make such limitation seems more generally to be sustained by the courts, 13 Corpus Juris, 93, 94, notes 50, 51; 32 Corpus Juris, 508, note 84.

The limitation by statute upon the extent of punishment for a contempt has existed in what is now Alabama since 1807 by an act of territorial legislation by the Mississippi Territory, with a preamble declaring that it is contrary to the purpose of government that any man should have an unlimited, arbitrary power to fine and imprison for offenses against him. Clay's Digest, p. 150; Code of 1852, §§ 568, 604, 628, 671, 704, 712. All those provisions are now embraced in section 3798, Code 1923.

When the first Constitution was adopted for Alabama, as when every one since has been adopted, there existed legislative limitations upon the extent of the power of the courts to punish for contempts. The subsequent adoption of each of the Constitutions under those circumstances was a recognition of the power of such legislative limitations, in the absence of a declaration to the contrary. And while this court, among its early opinions, often referred to the statutory limitations on the power to punish for contempt, it never questioned the constitutional right of the Legislature in that respect. Ex parte Walker, 25 Ala. 81, 87; Powell v. State, 48 Ala. 154, 156; Coleman v. Roberts, supra, pages 328, 329 of 113 Ala., 21 So. 449; Ex parte Dickens, supra, page 285 of 162 Ala., 50 So. 218.

After all these years, during which this court and the various Constitutions of Alabama made no question of such right, we consider it now a part of the policy of this state, if we were disposed to consider as applicable the principles relied on and supported by respectable authority and reason. But it is not here applicable, because at the time of the adoption of each of our various Constitutions the right had been exercised and was in effect.

■ It is also said that the limitations provided by statute were not intended to restrict the power of the court to enforce its orders and decrees. That right is called a proceeding to declare a civil contempt. A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court. A civil contempt invokes the power of the court to commit one who is continuing to violate its orders until he complies with them. This court has held that the statutory limitations do not apply to civil contempts as thus defined. Ex parte Dickens, supra; Ex parte Stickney, 40 Ala. 160.

So that, in respect to that contention, the question here seems to be dependent upon whether the court made an order as a punishment in the nature of a criminal contempt or on the other hand sought only to enforce

a compliance with its writ of injunction. The decree of the court settles that question. It is declared to be a punishment for what has been done, and it committed petitioner to jail for a definite period of time.

For a continuing failure to comply, the court can commit until there is a compliance, but not for a definite period as a punishment, except within the limits fixed by law.

We recognize the difficulty of such a situation as here disclosed, because, presumably, petitioner is not conducting a liquor nuisance while he is in jail, and his continuance in jail to that extent operates perhaps as a suspension of the nuisance. But as soon as he is released he may start again, and thereby subject himself to further punishment. Mere statutory punishment may be inadequate to compel an observance of the writ. But a court of equity has wide discretionary powers to enforce its orders, and they are so expressly granted by statute. Section 8576(3), Code, gives every court the power "to compel obedience to its judgments," etc. Section 4674, Code, in respect to liquor nuisances, provides that the judge may direct the terms of his order so as to carry out the purposes of the law. Section 4676, Code, gives the court in such matters full power and authority to maintain its jurisdiction, and by suitable orders and writs to enforce its decrees and to shape and mould them so as to accomplish the purpose of the bill. Those provisions do not enlarge the power of the court to punish for a criminal contempt, but they emphasize the broad discretionary power necessary to enforce by civil contempt its orders and decrees.

In the case of Gates v. McDaniel, 3 Port. 356, the court ordered the defendant to execute bond conditioned that he "will comply" with the decree. But that requirement was made on presentation of a petition, without notice and hearing. It was not held that the court could not make such a requirement after notice and hearing.

The extent to which the court may go in enforcing its decrees is dependent upon the circumstances of each case, and is within its discretion, reviewable here. Article 2, chapter 325, Code, beginning with section 9280, refers to a certain type of nuisance, as there specifically defined, whereas article 6 of chapter 167, beginning with section 4671, relates peculiarly to liquor nuisances. There is a distinct proceeding in respect to the former (Brown v. State, 222 Ala. 623, 133 So. 913), not applicable to the latter.

While sections 9290 and 9291, Code, relate to the procedure not here involved, it is pertinent to note certain powers specified, whereas they are stated in more general terms in the procedure relating to liquor nuisances.

We see no reason why the padlock provisions of section 9290 and the bond authorized by section 9291, Code, are not within the general broad terms of those applicable to liquor nuisances. See Fulton v. State, 171 Ala. 572, 54 So. 688. But such theory cannot extend to liquor nuisances the limits to which the court may punish for a contempt by authority of section 9297, Code. It expressly relates to the violation of an injunction or closing order granted by the provisions of that article. No such power to punish for contempt is given in respect to liquor nuisances.

Our conclusion is that, while the circuit court, in equity, may, upon finding that petitioner has violated a liquor nuisance injunction, require a bond to secure its observance, or may for the same purpose padlock the place, it can punish for a single act of contempt by imprisonment only for a period not exceeding 5 days, as well as by a fine not exceeding $50.

To the extent the decree exceeds such limits it is modified, and, as modified, it is affirmed, and, petitioner having served the 5 days allowed by law for his punishment, he is ordered discharged.

Modified and affirmed, and petitioner discharged.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

Julian Harris and Wade Wright, both of Decatur, for respondent.