83 So.2d 241

Ex parte Leonard M. KING, Sr.

W. D. KENDRICK et al.,

v.

Leonard M. KING, Sr.

6 Div. 947.

Supreme Court of Alabama.

Nov. 3, 1955.

Edw. L. Ball, Bessemer, for petitioner.

Howard H. Sullinger, Bessemer, for respondents.

GOODWYN, Justice.

We granted certiorari to review the action taken by the circuit court of Jefferson County, Bessemer Division, in Equity, in a contempt proceeding against petitioner. The question presented is whether the punishment imposed exceeds that authorized by law.

On June 30, 1955, the County Commissioners of Jefferson County filed in said court a bill of complaint to enjoin petitioner "from selling or offering for sale beer or other alcoholic beverages" at his place of business known as "King's Place" situated near Genery's Gap in said county. The relief prayed for is grounded on the following allegations: (1) That "the location of said business * * * is not zoned for the sale of beer under the zoning regulations and restrictions adopted and promulgated by the governing body of said County, and is in direct violation thereof"; (2) that respondent (petitioner here) "is selling or offering for sale beer at said place of business without first having procured a Use Permit from the Building Commissioner of Jefferson County as required by law"; and (3), that respondent has had "due notice that he is violating the law", but that "notwithstanding such notice he is now and has been in the past openly and wilfully and knowingly operating said business in violation of the law", and that "the peace and welfare of the citizens of said community require that appropriate action be taken by this court to enjoin and abate said illegal operation carried on by the respondent at said place of business." Pursuant to a prayer to that end, a temporary injunction against petitioner was granted at the time the bill was filed.

On July 11, 1955, complainants filed a petition with the trial court alleging that respondent "has openly and wilfully violated the terms and provisions" of the temporary injunction and praying for issuance of a rule nisi to the respondent requiring him to appear and show cause why he should not be held in contempt of court because of "his wilful violations" of said injunction. On the same day a rule nisi was issued and served on the respondent requiring him to appear on July 12, 1955, and show cause why he should not be held in contempt. A hearing was had on the appointed day, whereupon the court rendered the following decree:

"This cause coming on to be heard was submitted for decree upon petition of complainants for rule nisi, the rule nisi issuing against the respondent, Leonard M. King, Sr., and testimony heard orally in open Court, and the Court having heard, considered and understood the same is of the opinion that said respondent should be adjudged in contempt of Court for his violations of the preliminary injunction made and entered in said cause by this Court on June 30, 1955, and that said respondent should be held to be in contempt of this Court and be sentenced to 90 days in jail and a fine of $200.00 as hereinafter set out and decreed.

"It is therefore ordered, adjudged and decreed by the Court that the said Leonard M. King, Sr., respondent, be and he is hereby adjudged in contempt of this Court and is ordered committed to the jail of Jefferson County, Alabama, for a period of 90 days and the Sheriff of said County is hereby ordered and directed to take possession of the person of said respondent and commit him to said

County jail for said period of time. It is further ordered and decreed that said respondent be and he is hereby fined $200.00 as additional punishment, and it is further ordered that said respondent be taxed with the costs that have accrued by reason of said petition and this writ.

"Ordered and done this 12th day of July, 1955.

"F. R. Mathews
Circuit Judge"

Indorsed on the decree is the following:

"Committed to Jail: Date, July 12, 1955

"Holt A. McDowell, Sheriff

"Claude Wilson

"June [sic] 12th, 1955: The fine and costs having been paid, the jail sentence is suspended, conditioned on defendant observing the terms of the injunction in the future, imposed on him in this case.

"F. R. Mathews
Judge.

"Filed in Office: July 12, 1955"

On July 22, 1955, respondent petitioned the court to set aside the contempt decree and to have the fine paid by him remitted. This petition was denied on August 3, 1955.

On July 28, 1955, respondent filed two separate motions for dissolution of the injunction, and on the same day filed his answer to the bill. The record does not disclose whether action has been taken on said motions; nor whether a final decree on the merits has been rendered.

The insistence of petitioner here is that the punishment imposed is in excess of that authorized by Code 1940, Tit. 13, §§ 9 and 143, while respondent here maintains that the punishment is within the limits prescribed by Code 1940, Tit. 7, § 1108.

Sections 9 and 143, Title 13, supra, are as follows:

"§ 9. Punishments by the respective courts for contempt.—The courts of this state may punish for contempt by fine and imprisonment, one or both, as follows: The supreme court, by fine not exceeding one hundred dollars, and imprisonment not exceeding ten days; the circuit courts by fine not exceeding fifty dollars, and imprisonment not exceeding five days; the courts of probate and county courts and registers by fine of not exceeding twenty dollars and imprisonment not exceeding twenty-four hours; the courts of county commissioners, by fine not exceeding ten dollars, and imprisonment not exceeding six hours; and justices of the peace, by fine of not exceeding six dollars, and imprisonment not exceeding six hours."

"§ 143. Power to punish for contempt.—The circuit court, or judges thereof when exercising equity jurisdiction and powers may punish for contempt by fine not exceeding fifty dollars, and by imprisonment, not exceeding five days, one or both."

Section 1108, Title 7, supra, is as follows:

"In case of the violation of any injunction or closing order granted under the provisions of this article, or of any restraining order or the commission of any contempt of court in proceedings under this article, the court, or the judge thereof, may summarily try and punish the offender. The proceedings shall be commenced by filing with the register of the court a complaint under oath, setting out and alleging facts constituting such violation, upon which the court or judge shall cause a warrant to issue, under which the defendant shall be arrested; he may be released on bond, pending the hearing, to be fixed by the judge. The trial may be had upon affidavits, or either party may demand the production and oral examination of witnesses. A party found guilty of contempt, under the provisions of this article, shall be punished by a fine of not less than one hundred dollars nor more than two hundred dollars, or by imprisonment in the county jail not less than one nor

more than three months, or by both such fine and imprisonment."

It seems clear that § 1108, Tit. 7, has no application to this proceeding. That section is a part of Art. 2, Chap. 31, Tit. 7, dealing with "Nuisances", and, by its very terms, applies only when a party is found guilty of contempt under the provisions of said Art. 2. By referring back to § 1091 of Tit. 7, which is the first section in Art. 2, it is clear that the nuisance being dealt with in Art. 2 is the maintenance of a place "in or upon which lewdness, assignation, or prostitution is conducted, permitted, continued, or exists". In the instant case we do not have that situation but instead are dealing with an alleged violation of a zoning regulation. And we here note, aside from any other consideration as to the right of complainants to institute the injunction proceeding, such right is expressly given by Act No. 634, appvd. Sept. 4, 1951, Gen.Acts 1951, Vol. II, pp. 1089–1090, Code 1940, Tit. 62, § 330 (240a), 1953 Cum. Pocket Part, which is applicable to Jefferson County.

Although reference is made in petitioner's brief to the bill's want of equity, we do not understand him to question the jurisdiction of the trial court to entertain the suit. It seems clear that the trial court had jurisdiction of both the parties and the subject matter.

That brings us to a consideration of the applicability of §§ 9 and 143, Tit. 13, supra. Section 143, rather than Section 9, is made expressly applicable whem the circuit court or a judge thereof is "exercising equity jurisdiction". Whether Section 9 is or is not also applicable is of no moment.

It seems to us that what was said in Ex parte Hill, 229 Ala. 501, 503–504, 158 So. 531, is of controlling influence here. In that case the petitioner was adjudged in contempt of the equity court for violating a writ enjoining him from maintaining a liquor nuisance. It was ordered that petitioner " 'be imprisoned in the county jail for ninety days' " from the date of the order " 'as a punishment for such contempt' ". In the opinion a distinction was drawn between a "civil contempt" and a "criminal contempt", and it was held that, while the statutory limitations on punishment, § 3798, Code 1923, § 9, Tit. 13, Code 1940; § 6481, Code 1923, § 143, Tit. 13, Code 1940, do not apply to civil contempts as there defined, such limitations do apply to criminal contempts. In holding that a criminal contempt was there involved and, therefore, subject to the statutory limitations as to punishment, this court said:

" * * * A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court. A civil contempt invokes the power of the court to commit one who is continuing to violate its orders until he complies with them. This court has held that the statutory limitations do not apply to civil contempts as thus defined. Ex parte Dickens, supra [162 Ala. 272, 50 So. 218]; Ex parte Stickney, 40 Ala. 160.

"So that, in respect to that contention, the question here seems to be dependent upon whether the court made an order as a punishment in the nature of a criminal contempt or on the other hand sought only to enforce compliance with its writ of injunction. The decree of the court settles that question. It is declared to be a punishment for what has been done, and it committed petitioner to jail for a definite period of time.

"For a continuing failure to comply, the court can commit until there is a compliance, but not for a definite period as a punishment, except within the limits fixed by law."

The question, then, to be decided is whether the contempt in the instant case is in its nature "civil" or "criminal". If "criminal" the punishment imposed exceeds the statutory limitations.

It seems to us, as said in Ex parte Hill, supra, that "the decree of the court settles that question. It is declared to be a punishment for what has been done, and it

committed petitioner to jail for a definite period of time."

The distinction between civil and criminal contempts is thus stated in 12 Am.Jur., Contempt, § 6, p. 392:

"* * * Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders. Civil contempt proceedings are those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties. The former are criminal and punitive in their nature, and the government, the courts, and the people are interested in their prosecution. The latter are civil, remedial, and coercive in their nature, and the parties chiefly interested in their conduct and prosecution are those individuals for the enforcement of whose private rights and remedies the suits were instituted. * * *."

Criminal and civil contempts are defined in 17 C.J.S., Contempt, §§ 5 and 6, pp. 7–8, to be as follows:

"A criminal contempt is conduct that is directed against the dignity and authority of the court, or a judge acting judicially; it is an act obstructing the administration of justice which tends to bring the court into disrepute or disrespect.

*    *    *    *    *    *

"Civil contempt consists in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein, and is, therefore, an offense against the party in whose behalf the violated order is made. If, however, the contempt consists in doing a forbidden act, injurious to the opposite party, the contempt may be considered criminal."

We conclude that the contempt under review is a "criminal contempt" and that the statutory limitations, § 143, Tit. 13, supra, are applicable. It seems to us that the penalty is for past disobedience rather than to compel obedience.

To the extent that the decree exceeds the statutory limitations, it is modified, and as modified, it is affirmed.

Modified and, as modified, affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.