172 So.2d 43

**Ex parte O. L. ABERCROMBIE et al.**

**In re Carolyn COUCH**

v.

**Charlie Harvey COUCH.**

**8 Div. 162.**

Supreme Court of Alabama.

Feb. 18, 1965.

H. T. Foster and Wm. E. Garner, Scottsboro, for petitioners.

W. D. Wilkes, Jr., Guntersville, for respondent.

LAWSON, Justice.

This is an original petition addressed to this court and seeks to review by certiorari a decree of the Circuit Court of Marshall County, in Equity, adjudging petitioners in contempt of that court, in that they willfully failed, refused and declined to comply with an order of the court to deliver two minor children into the custody of their paternal grandparents. The petitioners here are the maternal grandparents of the children.

The decree adjudging the petitioners to be in contempt further provided:

"* * * and the said O. L. Abercrombie and Bessie Louise Abercrombie are hereby fined $50.00 and cost, the fine to be remitted upon the compliance with this decree by delivering the minor children, Teresa Gail Couch and Lynn Couch to the petitioner within 12 days from the date of this decree, and in addition to this, they are hereby ordered committed to the County Jail of Marshall County, Alabama, for a

period of five months, unless the said O. L. Abercrombie and Bessie Louise Abercrombie purge themselves of said contempt by delivering said minor children, to-wit: Teresa Gail Couch and Lynn Couch to the said Edgar Couch."

The contempt decree was rendered and entered on February 11, 1964. On February 19, 1964, a writ of certiorari issued out of this court to the register of the Circuit Court of Marshall County commanding and requiring him to make and certify to this court a true and correct copy of the record and proceedings in the cause. It was provided in the order of this court granting the petition for certiorari that the decree of the trial court be stayed upon petitioners entering into a bond in the sum of $500. Such a bond was approved and filed on February 21, 1964. In response to said writ, the record of the contempt proceedings in the trial court is before us for review.

■ Certiorari is the proper way, in a case of this kind, to review the decree of the trial court holding the petitioners to be in contempt. Wetzel v. Bessemer Bar Association, 242 Ala. 164, 5 So.2d 722; Jordan v. Jordan, 266 Ala. 386, 96 So.2d 809.

■ A court of equity has wide discretionary powers to enforce its orders, and they are so expressly granted by statute. Section 4, Title 13, Code 1940, gives every court the power "[t]o compel obedience to its judgments, orders and process." Section 5, Title 13, Code 1940, provides in effect that a court may punish for contempt as a means of compelling obedience to its judgments, orders and process. Ex parte Hill, 229 Ala. 501, 158 So. 531. See Ex parte Dickens, 162 Ala. 272, 280, 50 So. 218, 221, where it is said:

"All courts have the inherent power to punish for contempt of court, and, although contempts are divided into criminal and civil contempts, yet the power of the court, in each, rests upon its right to protect its dignity and to demand obedience to its decrees."

The petitioners argue only two points in their brief sufficiently to justify treatment here. They say, first, that the evidence did not justify a finding that they had willfully failed, refused and declined to comply with the order of the equity court in that the evidence shows that the children had been surreptitiously removed from petitioners' custody by their mother and carried to some place unknown to petitioners, hence petitioners were unable to comply with the court's order to deliver the children at the specified time.

■■ We have held that on review of contempt proceedings by certiorari we do not review questions of fact but only questions of law; but if the court below has misapplied the law to the facts as found by it or there is no evidence to support the finding, a question of law is presented to be reviewed. Fields v. City of Fairfield, 273 Ala. 588, 143 So.2d 177, rev'd on other grounds, 375 U.S. 248, 84 S.Ct. 360, 11 L.Ed.2d 311; Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824; Ex parte Evett, 264 Ala. 675, 89 So.2d 88.

■ All the evidence taken in the court below is before us and has been carefully studied. A discussion here of the facts would serve no useful purpose. Suffice it to say that we are of the opinion that there was some evidence sufficient to sustain the conclusion of the trial judge, hence we are constrained to hold that there is no merit in petitioners' contention that the decree should be reversed because of lack of evidence to support the finding that the parties were in contempt of the court's order. See Ex parte Wetzel, supra.

■ The only other point which may be said to be adequately argued in brief of petitioners is to the effect that the Circuit Court cannot imprison a person for contempt for a period exceeding five days. In support of that statement is cited the case of Ex parte Hill, supra, and § 9, Title

13, Code 1940. We assume that counsel for petitioners intended to cite § 143, Title 13, Code 1940, which provides as follows: "The circuit court, or judges thereof when exercising equity jurisdiction and powers may punish for contempt by fine not exceeding fifty dollars, and by imprisonment, not exceeding five days, one or both." The limitations prescribed by the section just quoted apply to punishment for criminal contempt and have no application to civil contempt. Ex parte Dickens, supra; Ex parte National Association for Advancement of Colored People, 265 Ala. 349, 91 So.2d 214, rev'd on other grounds, 353 U. S. 972, 77 S.Ct. 1056, 1 L.Ed.2d 1135; Ex parte King, 263 Ala. 487, 83 So.2d 241; Atkins v. State, 34 Ala.App. 101, 40 So.2d 444, cert. denied, 252 Ala. 227, 40 So.2d 446. Ex parte Hill, supra, cited by petitioners, was a criminal contempt case.

The question is presented, therefore, as to whether the contempt in the instant case is in its nature "civil" or "criminal." If "criminal" the term of imprisonment prescribed exceeds the statutory limitation.

■ The contempt decree here reviewed is in some respects very similar to that considered by the Court of Appeals in Atkins v. State, supra, where it was held in effect that the contempt was civil rather than criminal. The difference in the two decrees is that the decree in the Atkins case did not require the payment of a fine, whereas a fine of $50 is imposed in the decree here under review. However, the fact that a fine is imposed does not in and of itself indicate that the trial court considered the contempt to be criminal rather than civil. Ex parte National Association for Advancement of Colored People, supra.

■ In Ex parte Dickens, supra, we approved the rule to the effect that a civil contempt consists in failing to do something ordered to be done by a court in a civil action, for the benefit of the opposing party therein. A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court, as distinguished from a civil contempt which invokes the power of the court to commit one who is continuing to violate its orders until he complies with them. Ex parte Hill, supra.

■ The decree here under review does not state that the penalties inflicted are for the purpose of punishing the petitioners, as did the decrees in Ex parte Hill, supra, and Ex parte King, supra. However, even if the word "punishment" had been used in the decree it would not necessarily be decisive of the question as to whether the contempt was civil or criminal. See Ex parte National Association for Advancement of Colored People, supra.

■ It seems to us that the decree here under review, like that considered in Atkins v. State, supra, was imposed to compel obedience to the court's order rather than for past disobedience.

Under this interpretation of the decree, it results that it is due to be affirmed. It is so ordered.

Affirmed.

GOODWYN, COLEMAN and HARWOOD, JJ., concur.