ROBERTSON, Presiding Judge.
Mary Elizabeth Jackson Lyman, the mother, was adjudged by the trial court to be in criminal contempt of court as a result of a visitation dispute involving the minor child of the parties to this appeal. The trial court imposed punishment and sanctions against the mother which included, inter alia, a $1325 attorney fee, court costs, a *335 $100 fine, and two days in jail. The sole issue in this appeal is whether the trial court erred in its finding of criminal contempt and its imposition of punishment and sanctions.
The parties were divorced with the mother receiving custody of the parties’ only child, a daughter, with the father being granted visitation rights.
The divorce judgment was modified in 1987 as to visitation rights, and this court reviewed that decision in Jackson v. Jackson, 520 So.2d 530 (Ala.Civ.App.1988).
In 1988, the trial court again modified the judgment of divorce as to visitation by stating “[t]hat [the father] shall be entitled to have the minor child visit with him for a six-week period during each summer, which if it cannot otherwise be agreed upon shall commence on July 1, 1988, at 9:00 a.m. and shall end six weeks thereafter.”
On June 27, 1991, the father filed a petition for rule nisi, requesting the enforcement of visitation rights and/or a temporary restraining order. In his petition, the father stated that he had made arrangements to exercise visitation with his daughter beginning on July 1, 1991, as per the
1988 order. The father further stated, however, that he had been informed by the mother that such visitation would not be possible because the mother had planned a trip with the daughter to New York so the daughter could participate in dancing classes and competitions. As a result, the father contended that the mother had willfully and intentionally failed and refused to comply with the 1988 order, and he requested that the mother be required to appear in court on or before July 1,1991, to show why she should not be held in contempt. In the alternative, the father requested that the mother be ordered to appear before the court on or before July 1, 1991, and be compelled and ordered to make the daughter accessible to the father for his previously-ordered visitation.
In response, the mother filed a petition to modify visitation, claiming that there had been a material change of circumstances. Specifically, the mother contended that the daughter, at eight years of age, was actively involved in many summer activities such as church, recreational, and organized dance activities. The mother stated that the daughter’s dance competitions were scheduled for approximately the first half of July 1991, and that the daughter also was scheduled to attend a performance camp during the first week of August 1991. According to the mother, these schedulings were beyond her and her daughter’s control; the schedulings conflicted with the 1988 order; and the daughter had expressed a desire not to visit with the father and to not miss her dance activities. Therefore, the mother requested that the divorce judgment again be modified so that the father’s visitation rights would not disrupt the daughter’s summer dance activities. In addition, the mother sought a temporary order so as to allow the child to continue her dance competition scheduled for July 1-16, 1991, and August 5-7, 1991.
On June 28, 1991, a circuit court judge granted the mother’s request and entered an order that stated “that all visitation privileges of [the father] are hereby suspended pending a final hearing in this cause insofar as they conflict with the minor child’s scheduled dancing competitions, dance camps, and practice and preparation therefore.”
On July 1, 1991, an ore tenus proceeding was held on both parties’ petitions before a different circuit court judge. Following the proceedings, the trial court, inter alia, found the mother in criminal contempt of court for failing to obey the 1988 order. The mother immediately filed a motion to alter, amend, or vacate the July 1991 order, arguing that the operation of the 1988 order had been suspended by the order entered on June 28, 1991. The mother’s motion was denied by operation of law pursuant to Rule 59.1, A.R.Civ.P.
On appeal the mother argues that the trial court erred in holding her in criminal contempt of court for failing to perform an act that she was not legally required to do. Specifically, the mother contends that the 1988 order of visitation, which she supposedly interfered with, was not scheduled to begin until the day of the contempt hear *336 ing, and that the 1988 order of visitation had been suspended, pending a final hearing. We agree.
Section 12-1-11, provides as follows:
“On ... appeal the question shall be whether the appellant was guilty of contempt, and the sentence or order of the court below may be affirmed, reversed, annulled, or modified, according to the judgment of the appellate court. All such appeals shall be tried on the record, which shall be prepared and transmitted to the appropriate appellate court in accordance with the Alabama Rules of Appellate Procedure.”
“Contempts are characterized as either civil or criminal. Civil contempt seeks to compel or coerce compliance with orders of the court, while a criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience of orders of the court.” Ex parte State of Alabama, 550 So.2d 1067, 1072 (Ala.1989) (emphasis added). Furthermore, “[t]he very nature of contempt is founded in refusing to obey a court order.” Price v. McAllister, 537 So.2d 43, 44 (Ala.Civ.App.1988) (emphasis added).
In its order, the trial court explicitly states that the mother is being held in criminal contempt. We hold, however, that the mother was not disobedient to the visitation order and, therefore, was not guilty of criminal contempt of court. As noted earlier, the operation of the 1988 visitation order had been suspended by the order of another circuit court judge on June 28, 1991.
Accordingly, that part of the trial court’s judgment holding the mother in contempt of court and imposing punishment and sanctions is hereby reversed and annulled.
REVERSED AND JUDGMENT OF CONTEMPT ANNULLED.
THIGPEN and RUSSELL, JJ., concur.