ROBERTSON, Presiding Judge.
This is an appeal from a finding of contempt against S.C., the stepfather of the minor child involved in this proceeding and the present husband of T.P.W.C., the mother.
In June 1992 the mother was found to be in contempt of court for refusing to allow visitation with J.R.W., the father of the minor daughter, and she appealed. This court affirmed the judgment of the trial court in T.P.W.C. v. J.R.W., 622 So.2d 931 (Ala.Civ.App.1993). The mother, the stepfather, and the minor child have been residing in Texas since 1991. The stepfather had physical custody of the child in the State of Texas before and during the mother’s incarceration for contempt in Alabama.
In June 1992 the stepfather filed an “Application for Protective Order” in Smith County, Texas, which alleged, inter alia, that the minor child had “been a resident of the State of Texas for a period substantially in *73 excess of six (6) months, which makes Texas the home state of the child.” Service was made on the father pursuant to the Texas Rules of Civil Procedure.
The record reflects that “[the father] appeared in person and by attorney, [W.M.], and announced ready” at the trial of the cause in Texas on July 2,1992. Following an ore tenus proceeding, the Texas trial court, after having considered “the pleadings and heard the evidence and argument of counsel, [found] that all necessary prerequisites of the law [had] been satisfied and that [the Texas] court [had] jurisdiction over the parties and subject matter of this cause.” A protective order was granted by that court on July 2, 1992, based on a finding that such action was in the best interest and welfare of the minor child.
The Texas order, inter alia, granted the stepfather possession of the child and prohibited the father from “[r]emoving the child ... from the possession of [the stepfather] or from the jurisdiction of [the Texas] court.”
The father did not appeal the Texas judgment. Instead, he filed additional pleadings in this action on July 6, 1992, and on that same date, without any notice to the stepfather, the trial court entered an ex parte order of injunction, which “enjoined and restrained [the stepfather] from any further interference with the peaceful possession of the child ... by the father_”
Thereafter, the father filed a petition for rule nisi against the stepfather on August 20, 1992, in this action between the mother and the father. The stepfather filed a limited appearance to contest in personam jurisdiction and to question the validity of any order in this case concerning him, claiming a lack of in personam jurisdiction and due process notice. After a short hearing on October 2, 1992, the trial court summarily denied the stepfather’s motion and found him to be in criminal contempt of court “for his willful refusal to produce the child” to the father. The trial court sentenced the stepfather, who was not present at the hearing, to five days’ “hard labor” and fined him $100. The trial court also awarded a $1,500 attorney fee to the father’s attorney and against the stepfather.
The stepfather appeals, pro se, the trial court’s judgment of contempt, contending, inter alia, that he was obeying the protective order issued by the Texas court and that he could not legally give possession of the child to the father. We agree.
The Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A(e)(2)(C) (West Supp.1992), provides for the type of relief that the Texas court granted. The record clearly reflects that the child has resided in Texas since 1991. The father was properly served and became subject to the jurisdiction of the Texas court, and we find the Texas order to be a valid judgment. As such, it is binding on the parties to this appeal, and the stepfather and the minor child are within Texas and are subject to the jurisdiction of the Texas court.
“In order to hold a person in contempt, a court must have jurisdiction of the person and of the subject matter.” Ex parte State, 550 So.2d 1067, 1070 (Ala.1989). While the Alabama trial court may have retained jurisdiction of the mother and the father, it did not have jurisdiction of the stepfather so as to compel him to violate the terms of a valid order of a court which did have jurisdiction over him, as well as the minor child, pursuant to 28 U.S.C.A. § 1738A(c)(2)(C).
While not raised as an issue on appeal, we note that attorney fees are not recoverablé in criminal contempt proceedings. Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala.1978).
The trial court’s judgment is hereby reversed and annulled.
REVERSED AND JUDGMENT ANNULLED.
THIGPEN and YATES, JJ., concur.