667 So.2d 84 (1994)
S.C.
v.
J.R.W.
AV92000128.
Court of Civil Appeals of Alabama.
December 2, 1994.
Rehearing Denied January 6, 1995.
*85 Deborah S. Seagle of Smith & Seagle, Dothan, for appellee.

After Remand from the Supreme Court
ROBERTSON, Presiding Judge.
The prior judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama. Ex parte J.R.W., 667 So.2d 74 (Ala.1994).
The factual procedural background of this case is set out in S.C. v. J.R.W., 667 So.2d 72 (Ala.Civ.App.1993), and in Ex parte J.R.W., supra, and need not be repeated entirely here.
Following an ore tenus proceeding, that was not attended by S.C., on October 2, 1992, the trial court entered an order on October 7, 1992, holding S.C. "in contempt of court for his willful refusal to produce [K.B.W.] for [visitation from July 20, 1992, through August 19, 1992]. The trial court sentenced S.C. "to hard labor for Houston County, Alabama, for five days and ... fined [him] $100 and costs." The trial court also ordered that J.R.W.'s "attorney be awarded the sum of $1500 as a reasonable attorneys fee...."
Our supreme court held that the trial court had personal jurisdiction over S.C. and that the Texas protective order did not provide a defense to the contempt proceeding. Id. "The contentions of the parties do not concern the correctness of any factual finding on which the circuit court based its judgment of contempt; rather, the issues raised [before the supreme court] are legal." Id. at 77. Consequently, on remand we must now address whether there was sufficient evidence produced in the October 2, 1992, rule nisi hearing to prove that S.C. was guilty of contempt.
Contempt is divided into four classes: (1) direct, (2) indirect or constructive, (3) criminal, and (4) civil. Rule 33.1, Ala.R.Crim.P. Direct contempt is, among other things, "disorderly or insolent behavior... committed in open court, in the presence of the judge, which disturbs the court's business...." Rule 33.1(a), Ala.R.Crim.P. See Rule 70A(a)(2)(A), Ala.R.Civ.P. (Interim). Indirect or constructive contempt is "any criminal or civil contempt other than a direct contempt." Rule 33.1(b), Ala.R.Crim.P. See Rule 70A(a)(2)(B), Ala.R.Civ.P. (Interim). Criminal contempt is "(1) Misconduct ... which obstructs the administration of justice and which is committed either in the court's presence or so near thereto as to interrupt, disturb, or hinder its proceedings, or (2) Willful *86 disobedience [of] or resistance ... to a court's lawful writ, subpoena, process, order, rule, decree, or command, where the dominant purpose of the contempt is to punish the contemnor." Rule 33.1(c), Ala.R.Crim.P. See Rule 70A(2)(C)(i) and (ii), Ala.R.Civ.P. (Interim). It is clear from the trial court's order that S.C. was found to be in criminal contempt since the only sanctions imposed were a $100 fine, five days hard labor, and a $1500 attorney fee.
The United States Supreme Court has held that in criminal contempt proceedings, unless the conduct constitutes a direct contempt (one committed in the presence of the trial court) the defendant must be proved to be guilty beyond a reasonable doubt. Young v. United States ex rel. Vuitton, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911). Also, our supreme court has recognized that criminal contempt proceedings are criminal and punitive in nature and that their purpose is to vindicate the dignity of the court. Ex parte NAACP, 265 Ala. 349, 353-54, 91 So.2d 214 (1956) (quoting 12 Am.Jur. Contempt § 6), rev'd sub nom. NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); Ex parte King, 263 Ala. 487, 83 So.2d 241 (1955); see Committee Comments to Rule 33.1, Ala. R.Crim.P. Accordingly, a party can be punished for criminal contempt of court only upon an adjudication based upon proof of guilt beyond a reasonable doubt. Young, supra; Bloom, supra; and Gompers, supra.
Absent an abuse of discretion, or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, the determination of whether a party is in contempt of court is committed to the sound discretion of the trial court. Stack v. Stack, 646 So.2d 51 (Ala.Civ. App.), cert. denied, [Ms. 1931072, August 5, 1994] (Ala.1994).
We find there was insufficient evidence produced in the October 2, 1992, show cause hearing to prove that S.C. was guilty of criminal contempt of court beyond a reasonable doubt. The only testimony against S.C. at the October show cause hearing in Alabama came from J.R.W., who testified that S.C. had not sent the minor child for court-ordered visitation and that S.C. had not contacted J.R.W. about sending the minor child for visitation. Moreover, at the time of the hearing S.C. was subject to a protective order entered by the District Court of Smith County, Texas, which prohibited J.R.W. from "possessing" or having access to K.B.W. and which subjected S.C. to a fine or confinement in jail, or both, if he ignored or violated that order. There was no way that S.C. could have known that the Texas court order was not a valid order until the Alabama Supreme Court's decision was released on March 16, 1994. See Ex parte J.R.W., supra. A party is not disobedient of a court order, when acting in compliance with another court order. See Lyman v. Jackson, 600 So.2d 334 (Ala.Civ.App.1992). S.C. was apparently acting consistently with what he believed to be a valid Texas court order. That belief was shared by this court as well as the Court of Appeals of Texas. S.C. v. J.R.W., supra; White v. Blake, 859 S.W.2d 551 (Tex.Ct.App. 1993). After carefully reviewing the record, we hold that the evidence presented in the October show cause hearing did not prove beyond a reasonable doubt that S.C. was willfully disobeying or resisting the Alabama trial court's order.[1]
Furthermore, the trial court's judgment awarding J.R.W.'s attorney a $1,500 fee is void because attorney fees are not recoverable in criminal contempt proceedings. Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala.1976).
Based on the foregoing, the judgment of the trial court, holding S.C. in criminal contempt of court and awarding J.R.W.'s attorney *87 a $1500 attorney fee, is hereby reversed and annulled.
REVERSED AND ANNULLED.
YATES, J., concurs.
THIGPEN, J., dissents.
THIGPEN, Judge, dissenting.
It appears to me that the majority opinion reversing and annulling the trial court's judgment fails to carry out the instructions of our Supreme Court on remand; therefore, I must respectfully dissent. The majority opinion on remand addresses the sufficiency of the undisputed evidence, while the Supreme Court's opinion focuses on issues of law.
Before narrowing the issue in this case to two questions, our Supreme Court stated, "The general issue is whether the Court of Civil Appeals erred in reversing the judgment of the Houston Circuit Court holding S.C. in contempt of its order granting J.R.W. temporary custody of his minor child K.B.W." Ex parte J.R.W., 667 So.2d 74, 75 (Ala.1994) (as modified on denial of rehearing).
The strong language in the opinion of our Supreme Court indicates to me that, on remand, this court must affirm the judgment of the trial court; for example:
"S.C. lived in Alabama in a marital relationship with T.P.W.C. and as the stepfather of K.B.W. while an extant custody order gave J.R.W. a right to reasonable visitation. In defiance of that order, S.C. played an active and important role in helping T.P.W.C. remove K.B.W. from Alabama for the purpose of denying J.R.W.'s right to reasonable visitation while this action was pending and being litigated before the Alabama circuit court. S.C.'s actions contravened the July 24, 1991, order of the Alabama circuit court regarding visitation rights and custody of K.B.W. and the July 6, 1992, order granting temporary custody to T.R.W. and ordering S.C. to produce K.B.W. if T.P.W.C. did not; the judgment of contempt subsequently entered against him therefore, was the direct result of these acts and his later efforts to flout the order of the Alabama circuit court and avoid its jurisdiction." Ex parte J.R.W. at 84. (Emphasis added.)
The majority seems to emphasize that at the time of the contempt hearing, S.C. was subject to the protective order entered by a Texas court, and further states that S.C. had no way of knowing that the Texas court's order was invalid until the Supreme Court's order was released. Noting that S.C. filed his application for a protective order in Texas after the Alabama circuit court had held his wife in contempt of court, our Supreme Court stated that "S.C. was clearly attempting to circumvent the jurisdiction and order of the Alabama circuit court." Ex parte J.R.W. at 82 Our Supreme Court then disposed of his argument regarding the Texas order with the following language:
"Because the unauthorized order of the Texas district court does not prevent S.C. from complying with the Alabama circuit court's order, and because S.C. appears otherwise fully capable of complying with the terms of the Alabama circuit court's order to produce K.B.W. and purging himself thereby of contempt, S.C. has no defense to the judgment of contempt based on his alleged inability to obey."

Ex parte J.R.W. at 83. (Emphasis added.) The clear language of our Supreme Court's opinion places the blame on S.C. for intentionally creating the situation which he later attempted to use as a defense to the trial court's finding of contempt.
Furthermore, my review of the Supreme Court's opinion discloses language indicating the Supreme Court's conclusion that S.C.'s behavior was contemptuous throughout these proceedings when it phrased an issue as "whether the Alabama circuit court had in personam jurisdiction over S.C. to hold him in contempt for his willful refusal to produce K.B.W. as ordered." Ex parte J.R.W. at 75. Additionally, I do not believe that Lyman v. Jackson, 600 So.2d 334 (Ala.Civ.App.1992), applies in the instant case. The mother in Lyman was not absolved of the finding of contempt, because she was acting in compliance with another court order. In Lyman, the trial court suspended its 1988 order pertaining to visitation, pending a final hearing.
*88 Subsequently, a hearing was held and the mother was found to be in contempt of the 1988 order. This court reversed and annulled that judgment of contempt, holding that the trial court erred in finding the mother in contempt of an order that had been previously suspended; i.e., that the mother could not be held in contempt for failing to perform an act that she was not legally required to do; simply, because the order had been suspended, there was no valid order to violate. The mother could not be found to be in contempt because she did not disobey or refuse to obey a court order.
In the instant case, there were standing, valid orders issued by the Alabama trial court. The undisputed evidence is that S.C. willfully refused to obey these orders. Compliance with the invalid Texas order is not a defense, and therefore, "S.C. has no defense to the judgment of contempt based upon his alleged inability to obey." Ex parte J.R.W. at 83. As such, I would affirm the trial court's judgment, and I must respectfully dissent.
NOTES
[1] Moreover, the trial court did not comply with the procedural requirements of Rule 33.3, Ala. R.Crim.P. The petition for rule nisi contained inaccuracies as to which order or orders S.C. was alleged to be in contempt of. The rule nisi also failed to apprise S.C. that if he was found to be in criminal contempt that he could be incarcerated. Rule 33.3(b)(1) and (2). This rule has since been amended. See Rule 70A, Ala.R.Civ.P. (Interim).