After Remand from the Supreme Court
ROBERTSON, Presiding Judge.
The prior judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama. Ex parte J.R.W., 667 So.2d 74 (Ala.1994).
The factual procedural background of this case is set out in S.C. v. J.R.W., 667 So.2d 72 (Ala.Civ.App.1993), and in Ex parte J.R.W., supra, and need not be repeated entirely here.
Following an ore tenus proceeding, that was not attended by S.C., on October 2,1992, the trial court entered an order on October 7, 1992, holding S.C. “in contempt of court for his willful refusal to produce [K.B.W.] for [visitation from July 20, 1992, through August 19, 1992]. The trial court sentenced S.C. “to hard labor for Houston County, Alabama, for five days and ... fined [him] $100 and costs.” The trial court also ordered that J.R.W.’s “attorney be awarded the sum of $1500 as a reasonable attorneys fee....”
Our supreme court held that the trial court had personal jurisdiction over S.C. and that the Texas protective order did not provide a defense to the contempt proceeding. Id. “The contentions of the parties do not concern the correctness of any factual finding on which the circuit court based its judgment of contempt; rather, the issues raised [before the supreme court] are legal.” Id. at 77. Consequently, on remand we must now address whether there was sufficient evidence produced in the October 2, 1992, rule nisi hearing to prove that S.C. was guilty of contempt.
Contempt is divided into four classes: (1) direct, (2) indirect or constructive, (3) criminal, and (4) civil. Rule 33.1, Ala.R.Crim.P. Direct contempt is, among other things, “disorderly or insolent behavior ... committed in open court, in the presence of the judge, which disturbs the court’s busi-ness_” Rule 33.1(a), Ala.R.Crim.P. See Rule 70A(a)(2)(A), Ala.R.Civ.P. (Interim). Indirect or constructive contempt is “any criminal or civil contempt other than a direct contempt.” Rule 33.1(b), Ala.R.Crim.P. See Rule 70A(a)(2)(B), Ala.R.Civ.P. (Interim). Criminal contempt is “(1) Misconduct ... which obstructs the administration of justice and which is committed either in the court’s presence or so near thereto as to interrupt, disturb, or hinder its proceedings, or (2) Will *86 ful disobedience [of] or resistance ... to a court’s lawful writ, subpoena, process, order, rule, decree, or command, where the dominant purpose of the contempt is to punish the contemnor.” Rule 33.1(c), Ala.R.Crim.P. See Rule 70A(2)(C)(i) and (ii), Ala.R.Civ.P. (Interim). It is clear from the trial court’s order that S.C. was found to be in criminal contempt since the only sanctions imposed were a $100 fine, five days hard labor, and a $1500 attorney fee.
The United States Supreme Court has held that in criminal contempt proceedings, unless the conduct constitutes a direct contempt (one committed in the presence of the trial court) the defendant must be proved to be guilty beyond a reasonable doubt. Young v. United States ex rel. Vuitton, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911). Also, our supreme court has recognized that criminal contempt proceedings are criminal and punitive in nature and that their purpose is to vindicate the dignity of the court. Ex parte NAACP, 265 Ala. 349, 353-54, 91 So.2d 214 (1956) (quoting 12 Am.Jur. Contempt § 6), rev’d sub nom. NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958); Ex parte King, 263 Ala. 487, 83 So.2d 241 (1955); see Committee Comments to Rule 33.1, Ala.R.Crim.P. Accordingly, a party can be punished for criminal contempt of court only upon an adjudication based upon proof of guilt beyond a reasonable doubt. Young, supra; Bloom, supra; and Gompers, supra.
Absent an abuse of discretion, or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, the determination of whether a party is in contempt of court is committed to the sound discretion of the trial court. Stack v. Stack, 646 So.2d 51 (Ala.Civ.App.), cert. denied, [Ms. 1931072, August 5, 1994] (Ala.1994).
We find there was insufficient evidence produced in the October 2, 1992, show cause hearing to prove that S.C. was guilty of criminal contempt of court beyond a reasonable doubt. The only testimony against S.C. at the October show cause hearing in Alabama came from J.R.W., who testified that S.C. had not sent the minor child for court-ordered visitation and that S.C. had not contacted J.R.W. about sending the minor child for visitation. Moreover, at the time of the hearing S.C. was subject to a protective order entered by the District Court of Smith County, Texas, which prohibited J.R.W. from “possessing” or having access to K.B.W. and which subjected S.C. to a fine or confinement in jail, or both, if he ignored or violated that order. There was no way that S.C. could have known that the Texas court order was not a valid order until the Alabama Supreme Court’s decision was released on March 16, 1994. See Ex parte J.R.W., supra. A party is not disobedient of a court order, when acting in compliance with another court order. See Lyman v. Jackson, 600 So.2d 334 (Ala.Civ.App.1992). S.C. was apparently acting consistently with what he believed to be a valid Texas court order. That belief was shared by this court as well as the Court of Appeals of Texas. S.C. v. J.R.W., supra; White v. Blake, 859 S.W.2d 551 (Tex.Ct.App.1993). After carefully reviewing the record-, we hold that the evidence presented in the October show cause hearing did not prove beyond a reasonable doubt that S.C. was willfully disobeying or resisting the Alabama trial court’s order.[1]
Furthermore, the trial court’s judgment awarding J.R.W.’s attorney a $1,500 fee is void because attorney fees are not recoverable in criminal contempt proceedings. Moody v. State ex rel. Payne, 355 So.2d 1116 (Ala.1976).
Based on the foregoing, the judgment of the trial court, holding S.C. in criminal contempt of court and awarding J.R.W.’s attor *87 ney a $1500 attorney fee, is hereby reversed and annulled.
REVERSED AND ANNULLED.
YATES, J., concurs.
THIGPEN, J., dissents.

. Moreover, the trial court did not comply with the procedural requirements of Rule 33.3, Ala.R.Crim.P. The petition for rule nisi contained inaccuracies as to which order or orders S.C. was alleged to be in contempt of. The rule nisi also failed to apprise S.C. that if he was found to be in criminal contempt that he could be incarcerated. Rule 33.3(b)(1) and (2). This rule has since been amended. See Rule 70A, Ala.R.Civ.P. (Interim).