THIGPEN, Judge,
dissenting.
It appears to me that the majority opinion reversing and annulling the trial court’s judgment fails to carry out the instructions of our Supreme Court on remand; therefore, I must respectfully dissent. The majority opinion on remand addresses the sufficiency of the undisputed evidence, while the Supreme Court’s opinion focuses on issues of law.
Before narrowing the issue in this case to two questions, our Supreme Court stated, “The general issue is whether the Court of Civil Appeals erred in reversing the judgment of the Houston Circuit Court holding S.C. in contempt of its order granting J.R.W. temporary custody of his minor child K.B.W.” Ex parte J.R.W., 667 So.2d 74, 75 (Ala.1994) (as modified on denial of rehearing).
The strong language in the opinion of our Supreme Court indicates to me that, on remand, this court must affirm the judgment of the trial court; for example:
“S.C. lived in Alabama in a marital relationship with T.P.W.C. and as the stepfather of K.B.W. while an extant custody order gave J.R.W. a right to reasonable visitation. In defiance of that order, S.C. played an active and important role in helping T.P.W.C. remove KB.W. from Alabama for the purpose of denying J.R.W. ⅛ right to reasonable visitation while this action was pending and being litigated before the Alabama circuit court. S.C.’s actions contravened the July 24, 1991, order of the Alabama circuit court regarding visitation rights and custody of KB.W. and the July 6, 1992, order granting temporary custody to T.R.W. and ordering S.C. to produce KB.W. if T.P.W.C. did not; the judgment of contempt subsequently entered against him therefore, was the direct result of these acts and his later efforts to flout the order of the Alabama circuit court and avoid its jurisdiction.”
Ex parte J.R.W. at 84. (Emphasis added.)
The majority seems to emphasize that at the time of the contempt hearing, S.C. was subject to the protective order entered by a Texas court, and further states that S.C. had no way of knowing that the Texas court’s order was invalid until the Supreme Court’s order was released. Noting that S.C. filed his application for a protective order in Texas after the Alabama circuit court had held his wife in contempt of court, our Supreme Court stated that “S.C. was clearly attempting to circumvent the jurisdiction and order of the Alabama circuit court.” Ex parte J.R.W. at 82 Our Supreme Court then disposed of his argument regarding the Texas order with the following language:
“Because the unauthorized order of the Texas district court does not prevent S.C. from complying with the Alabama circuit court’s order, and because S.C. appears otherwise fully capable of complying with the terms of the Alabama circuit court’s order to produce KB.W. and purging himself thereby of contempt, S.C. has no defense to the judgment of contempt based on his alleged inability to obey. ”
Ex parte J.R.W. at 83. (Emphasis added.) The clear language of our Supreme Court’s opinion places the blame on S.C. for intentionally creating the situation which he later attempted to use as a defense to the trial court’s finding of contempt.
Furthermore, my review of the Supreme Court’s opinion discloses language indicating the Supreme Court’s conclusion that S.C.’s behavior was contemptuous throughout these proceedings when it phrased an issue as “whether the Alabama circuit court had in personam jurisdiction over S.C. to hold him in contempt for his willful refusal to produce KB.W. as ordered.” Ex parte J.R.W. at 75. Additionally, I do not believe that Lyman v. Jackson, 600 So.2d 334 (Ala.Civ.App.1992), applies in the instant ease. The mother in Lyman was not absolved of the finding of contempt, because she was acting in compliance with another court order. In Lyman, the trial court suspended its 1988 order pertaining to visitation, pending a final hearing. *88 Subsequently, a hearing was held and the mother was found to be in contempt of the 1988 order. This court reversed and annulled that judgment of contempt, holding that the trial court erred in finding the mother in contempt of an order that had been previously suspended; i.e., that the mother could not be held in contempt for failing to perform an act that she was not legally required to do; simply, because the order had been suspended, there was no valid order to violate. The mother could not be found to be in contempt because she did not disobey or refuse to obey a court order.
In the instant case, there were standing, valid orders issued by the Alabama trial court. The undisputed evidence is that S.C. willfully refused to obey these orders. Compliance with the invalid Texas order is not a defense, and therefore, “S.C. has no defense to the judgment of contempt based upon his alleged inability to obey.” Ex parte J.R.W. at 83. As such, I would affirm the trial court’s judgment, and I must respectfully dissent.