ROBERTSON, Presiding Judge.
The parties, T.P.W.C. (mother) and J.R.W. (father), were divorced by the Circuit Court of Houston County on October 18, 1983. Since the entry of the divorce judgment, the parties have engaged in numerous legal proceedings and appeals concerning their child. See S.C. v. J.R.W., 667 So.2d 72 (Ala.Civ.App.1992), rev’d, 667 So.2d 74 (Ala.1994), on remand, 667 So.2d 84 (Ala.Civ.App.1994); T.P.W.C. v. J.R.W., 622 So.2d 931 (Ala.Civ.App.1993), cert. denied, May 21, 1993; Ex parte J.R.W., 630 So.2d 447 (Ala.Civ.App.1992), cert. denied, March 17, 1992; and Ex parte T.P.W.C., 601 So.2d. 218 (Ala.1992).
The parties are now before this court on the issues of whether the trial court erred in calculating the father’s child support arrear-age and whether the trial court’s disbursement of the proceeds from a forfeited appearance bond was improper.
On June 2, 1992, the trial court held the mother in civil contempt of court “ ‘for her willful failure to comply with [the trial court’s] order of June 24, 1991, by refusing to allow visitation’ ” and ordered that the mother be incarcerated until she complied. T.P.W.C. v. J.R.W., 622 So.2d at 932. Thereafter, the mother filed a petition for habeas corpus, which the trial court denied.
*1292 The mother then appealed the judgment of contempt to this court and filed a motion with this court requesting that any order of incarceration entered by the trial court be stayed pending a ruling on her appeal. The mother’s motion was granted on the condition that she post an appearance bond in the amount of $20,000. Accordingly, on September 16, 1992, the mother posted a $20,000 appearance bond and was released from jail pending the disposition of her appeal. The trial court’s judgment, holding the mother in civil contempt, was affirmed by this court on February 5, 1993, and the mother’s petition for writ of certiorari was denied by the Alabama Supreme Court on May 21, 1993. T.P.W.C. v. J.R.W., 622 So.2d 931. A certificate of judgment was issued by this court on May 26,1993.
Upon this court’s issuance of the certificate of judgment, the mother was required to comply with the trial court’s judgment of June 2,1992, i.e., appear and be incarcerated in the Houston County jail until she complied with the June 24, 1991, order of visitation. The mother, who is in Texas, failed to appear and failed to comply with the visitation order. As a result, the father filed a motion to have the mother’s appearance bond forfeited. The trial court set a hearing on the issue of the bond forfeiture for January 18, 1994. The mother was given notice of the bond forfeiture hearing, however, she failed to appear at the hearing. Following the hearing on the bond forfeiture and on the amount of child support arrearage owed by the father, the trial court entered a judgment, finding:
“that the Court of Civil Appeals having set bond for [the mother] in the amount of $20,000.00 on conditions that she appear ... and the [mother] being informed of the hearing ... failed to appear ... and the Court being informed by the Clerk of the Court of Civil Appeals that the Circuit Court should handle forfeiture proceedings in this cause; it is hereby ordered that the [mother’s] bond forfeiture in the amount of $20,000.00 be made final.
“The Court further finds that [the mother] is entitled to the sum of $14,007.00 as accrued child support including interest.... The judgment against Defendant, [J.R.W.], heretofore entered on the 24th day of June, 1991, for arrears [in] child support shall be deemed satisfied. The balance of said bond in the amount of $5,093.00 is ordered paid to ... [J.R.W.] and his attorney.”
On January 20, 1994, the trial court amended its January 18, 1994, judgment and ordered that “the $14,007.00 due to Appellant [mother] as child support arrears is to be offset against the $20,000.00 bond ordered forfeited by the surety. The Surety is ordered to pay the sum of $5,093.00 into the Court pursuant to the bond forfeiture.”
On February 16, 1994, the mother filed a motion requesting that the trial court set aside its January 18, 1994, judgment, as amended on January 20, 1994. The mother alleged that her attorney had been unable to attend the bond forfeiture hearing because he was engaged in a trial which had started earlier that day, but which had not concluded before the hearing started. She also alleged that pursuant to § 8-8-10, Ala.Code 1975, interest on judgments accrues at the rate of 12% per year, and that when such interest is added to the father’s child support arrearage, he owes greater than $20,000.
The father filed an answer to the mother’s motion, alleging that the mother’s attorney had made no attempt to contact the trial court regarding conflicting trials; that although the mother had notice of the hearing, she had failed to appear; and that the child support arrearage figures submitted to the trial court were correct because they were calculated by a certified public accountant, who had allowed for the statutory 12% interest. Additionally, the father contended that the mother remains in contempt of court, at large in Texas, outside the jurisdiction of the court, and in illegal custody of the parties’ minor child.
The trial court denied the mother’s motion, and she appeals. The mother’s notice of appeal and docketing statement to this court sets out three issues: (1) Whether the trial court erred in condemning the mother’s appearance bond; (2) Whether the trial court erred by retroactively modifying child support payments; and (3) Whether the trial *1293 court erred in awarding the proceeds from the forfeited appearance bond to the father.
At oral argument in this case, it was conceded that the appearance bond was due to be forfeited because the mother failed to appear or to comply with the June 24, 1991, order of visitation.
As to whether the trial court erred in calculating the father’s child support arrear-age, the father argues that because a court reporter was not present at the January 18, 1994, hearing, the mother had the duty to provide this court with a record by way of a Rule 10(d), A.R.A.P., statement of the evidence. The father argues that because the mother failed to provide this court with a record, her arguments on appeal are not supported by the evidence. Further, the father argues that the mother’s failure to appear at the hearing prevented her from making an objection to the trial court’s calculation of the father’s child support arrearage.
The trial court found that the mother was “entitled to the sum of $14,007.00 as accrued child support including interest_” (Emphasis added.) There is no transcript of the January 18, 1994, hearing, nor has the mother provided this court with a Rule 10(d), A.R.A.P., statement of the evidence. We have no alternative but to presume that the trial court’s determination of the child support arrearage was supported by the evidence that it had before it. Simmons v. Simmons, 516 So.2d 1389 (Ala.Civ.App.1987).
We now address the issue of whether the trial court erred in awarding part of the proceeds from the forfeited appearance bond to the father. As a matter of law, pursuant to § 15-13-80(b), Ala.Code 1975, the proceeds from a forfeited appearance bond “become public money of the state general fund.” § 15 — 13—80(b); A-1 Bonding Co. of Montgomery, Inc. v. Finch, 469 So.2d 625 (Ala.Civ.App.1985). Therefore, a transcript of the evidence is unnecessary as to this issue.
The record reveals that pursuant to this court’s order of September 16, 1992, the mother posted a $20,000 appearance bond and was released from jail pending the disposition of her appeal. After this court issued the certificate of judgment affirming the trial court’s judgment of contempt, the mother was obligated to appear or suffer forfeiture of her appearance bond. She chose to allow a forfeiture of her appearance bond.
Upon its forfeiture, the entire proceeds from the appearance bond became public money of the state general fund. § 15 — 13— 80(b); Finch, swpra. However, the trial court offset the father’s $14,007 child support arrearage against the “public money of the state general fund,” which the trial court had no authority to do. As a matter of law, the trial court erred.
Based on the foregoing, the trial court’s judgment as it relates to the forfeiture proceeds is reversed. This cause is remanded, and the trial court is directed to enter an order consistent with this opinion.
The father’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
YATES, MONROE, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result only.