ALMON, Justice.
This Court granted certiorari review to determine whether the Alabama Court of Civil Appeals erred in reversing a judgment holding S.C. in contempt for failing to produce J.R.W.’s daughter for visitation. The issues include whether the judgment is consistent with this Court’s prior holding in this case, whether the evidence presented to the circuit court supported an adjudication of contempt, whether there are viable issues concerning compliance with Rule 33.3, Ala.R.Crim.P., and whether the circuit court’s award of an attorney fee is sustainable.
In Ex parte J.R.W., 667 So.2d 74 (Ala.1994), this Court held that the Court of Civil Appeals had erred in reversing the judgment of the Circuit Court of Houston County that held S.C. in contempt of the circuit court’s order granting J.R.W. temporary custody of J.R.W.’s minor child K.B.W. The bases of our decision were, first, that, pursuant to the Parental Kidnapping Prevention Act, a Texas district court order purporting to enjoin J.R.W. from having any contact with K.B.W. and to grant exclusive custody of K.B.W. to S.C. was unauthorized and did not prevent S.C. from complying with the Alabama circuit court’s order, and, second, that the record contained “enough evidence to support the Alabama circuit court’s holding that S.C. had sufficient contacts with the state of Alabama to permit it to exercise in personam jurisdiction over him and to hold him in contempt of court.” 667 So.2d at 83.
Upon remand, the Court of Civil Appeals again reversed the judgment of contempt. S.C. v. J.R.W., 667 So.2d 84 (Ala.Civ.App.1994). The Court of Civil Appeals found that this Court’s statement that “[t]he contentions of the parties do not concern the correctness of any factual finding on which the circuit court based its judgment of contempt; rather, the issues raised here are legal,” necessitated, on remand, that the court address whether there was sufficient evidence presented to the circuit court to establish that S.C. was in contempt. The Court of Civil Appeals held that “there was insufficient evidence produced in the October 2, 1992, show cause hearing to prove that S.C. was guilty of criminal contempt of court beyond a reasonable doubt.”[1] The Court of Civil Appeals *90 held that the evidence was insufficient, because the only testimony against S.C. came from J.R.W. and because S.C. was “apparently acting consistently with what he believed to be a valid Texas court order.”
On appeal from the circuit court’s finding of contempt, S.C. argued to the Court of Civil Appeals that the Texas district court’s protective order prohibited him from complying with the Alabama circuit court’s order. Upon certiorari review of the Court of Civil Appeals’ reversal of the circuit court’s order, this Court noted that, ordinarily, “the inability of a party to obey a court order is ... a defense to a charge of contempt.” 667 So.2d at 77. However, this Court held that the Texas order was unauthorized and stated:
“Because the unauthorized order of the Texas district court does not prevent S.C. from complying with the Alabama circuit court’s order, and because S.C. appears otherwise fully capable of complying with the terms of the Alabama circuit court’s order to produce K.B.W. and purging himself thereby of contempt, S.C. has no defense to the judgment of contempt based on his alleged inability to obey.”
667 So.2d at 83 (emphasis added). Thus, on remand our mandate on this issue was explicit, and the Texas court order is not a defense to the contempt proceeding. Lyman v. Jackson, 600 So.2d 334 (Ala.Civ.App.1992), is distinguishable, as noted in Judge Thigpen’s dissent. S.C. v. J.R.W., supra (Thigpen, J., dissenting).
In generally assessing the facts of this dispute, this Court stated the following in its earlier opinion in this case:
“In filing his application for a protective order in the Texas district court one day after the Alabama circuit court had held T.P.W.C. in contempt for failing to comply with the visitation provision of its order, S.C. was clearly attempting to circumvent the jurisdiction and order of the Alabama circuit court and to relitigate the issues of custody and visitation....”
[[Image here]]
“S.C. lived in Alabama in a marital relationship with T.P.W.C. and as the stepfather of K.B.W. while an extant custody order gave J.R.W. a right to reasonable visitation. In defiance of that order, S.C. played an active and important role in helping T.P.W.C. remove K.B.W. from Alabama for the purpose of denying J.R.W.’s right to reasonable visitation while this action was pending and being litigated before the Alabama circuit court. S.C.’s actions contravened the July 2Jh 1991, order of the Alabama circuit court regarding visitation rights and custody of K.B.W. and the July 6, 1992, order granting temporary custody to J.R.W. and ordering S.C. to produce KB.W. if T.P.W.C. did not; the judgment of contempt subsequently entered against him, therefore, was the direct result of these acts and his later efforts to flout the order, of the Alabama circuit court and avoid its jurisdiction.”
667 So.2d at 83-84 (emphasis added). Thus, this Court’s understanding of the evidence, at least implicitly stated, was that it clearly supported the circuit court’s finding of contempt. This Court, however, did not order the Court of Civil Appeals on remand to affirm the decision of the circuit court; thus, we did not expressly preclude review of the evidence supporting the circuit court’s judgment.[2]
The Court of Civil Appeals specifically addressed the evidence before the circuit court only by stating: “The only testimony *91 against S.C. at the October show cause hearing in Alabama came from J.R.W., who testified that S.C. had not sent the minor child for court-ordered visitation and that S.C. had not contacted J.R.W. about sending the minor child for visitation.” The Court of Civil Appeals provides no explanation as to why J.R.W.’s testimony was insufficient to support a finding of contempt. S.C., while citing the ore tenus rule, did not discuss specifically why the evidence was insufficient to show that he was in contempt. Upon review of J.R.W.’s petition for the rule nisi and the transcript of the show cause hearing, we conclude that the evidence supported the circuit court’s determination that S.C. was guilty of criminal contempt.
The Court of Civil Appeals stated that the circuit court did not comply with the procedural requirements of Rule 33.3, Ala.R.Crim.P.,[3] because “[t]he petition for rule nisi contained inaccuracies as to which order or orders S.C. was alleged to be in contempt of’ and because “[t]he rule nisi ... failed to apprise S.C. that if he was found to be in criminal contempt that he could be incarcerated.” 667 So.2d at 76. Under the facts of this case, we are generally hesitant to venture deeply into any Rule 33.3 issues, because S.C. has not raised the issue of the circuit court’s compliance with Rule 33.3 and because Rule 70A (Interim), Ala.R.Civ.P., now applies to contempt proceedings arising out of civil actions, and an elaborate discussion here as to Rule 33.3 would be of no precedential value.
The “inaccuracies” contained in the petition were not explained by the Court of Civil Appeals. We hold that the petition for the rule nisi and the circuit court’s order on the petition directing S.C. to appear and to show cause why he should not be held in contempt sufficiently apprised S.C. of the orders as to which he was subject to a finding of contempt. See In re State ex rel. Payne v. Empire Life Ins. Co. of America, 351 So.2d 538 (Ala.1977), cert. denied, 435 U.S. 969, 98 S.Ct. 1607, 56 L.Ed.2d 60 (1978). As to whether the circuit court informed S.C. that he could be incarcerated, we note that, before the filing of the petition for the rule nisi against S.C., S.C.’s wife, T.P.W.C., had been incarcerated more than once in Houston County for contempt because she had failed to comply with orders to produce K.B.W. In addition, we note that Rule 33.3(b) provides: “The [citation of the charge] shall: ... (2) Order that the person cited appear before the court to show cause why he or she should not be found in contempt of court as charged or should not be punished or incarcerated as provided by law” (emphasis added). The circuit court’s order on the petition for the rule nisi directed S.C. to appear on a certain date and show cause why he should not be “punished” for contempt “in regard to the nature of the things set out in the verified petition.” We hold, given the facts of this case, that S.C. was sufficiently apprised of the punishment he faced if he were adjudicated to be in contempt.
The Court of Civil Appeals also stated that “the trial court’s judgment awarding J.R.W.’s attorney a $1,500 fee is void because attorney fees are not recoverable in criminal contempt proceedings.” The circuit court sentenced S.C. to “hard labor for Houston County” for five days, fined S.C. $100 and costs, and awarded J.R.W. a $1,500 attorney fee. We note that the $100 fine and the five-day sentence track the statute that provides for the maximum punishment that may be imposed by a circuit court for criminal contempt. Ala.Code 1975, § 12-11-30(5). Thus, there is support for the conclusion that the circuit court found S.C. guilty of criminal contempt. However, while awarding an attorney fee in a criminal contempt proceeding is improper, it does not void the judgment. In re State ex rel. Payne, 351 So.2d at 545 (holding that such an award “must be considered as mere surplusage and severed from the judgment”). Moreover, in this case the award of an attorney fee is not improper: there are two alternative views of the circuit court’s order that are supported by the evidence and that justify an affirmance of the circuit court’s judgment as rendered. First, *92 the circuit court could have imposed the fine and jail sentence and awarded the attorney fee pursuant to an adjudication that S.C. was subject to sanctions for only civil contempt.[4] Second, the circuit court could have adjudicated that S.C. was both subject to sanctions for civil contempt and guilty of criminal contempt.[5]
J.R.W.’s petition did not specifically request an adjudication of civil or criminal contempt, but the petition alleged facts that would support either or both. Because the evidence presented supported the allegations of the petition, we conclude that the circuit court could have determined that the facts justified an adjudication of civil contempt or an adjudication of both civil and criminal contempt. Thus, there is a view of the evidence that will support the circuit court’s judgment, and the fact that an attorney fee was awarded does not require alteration of that judgment.
Therefore, the judgment of the Court of Civil Appeals is reversed, and a judgment affirming the circuit court’s judgment of contempt is hereby rendered.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, COOK, and BUTTS, JJ., concur.

. The circuit court's order does not state specifically whether the adjudication was for civil or criminal contempt. Rule 70A (Interim), Ala.R.Civ.P. (effective July 11, 1994), defines civil and criminal contempt and now controls contempt proceedings arising out of civil actions. State v. Thomas, 550 So.2d 1067 (Ala.1989), contains a general discussion of the distinctions between civil and criminal contempt. We assume for purposes of addressing whether the evidence supported the circuit court's findings that the adjudication here was for criminal contempt, because such contempt must be supported by a higher burden of proof. See Young v. United *90 States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911); Cf. Simpson v. Harbin, 447 So.2d 189, 190-91 (Ala.1984) (stating that “[t]he scope of review in contempt cases is limited to questions of law and does not extend to the weight and preponderance of the evidence ... [and] if there is any legal evidence that supports the judgment of the trial court, we must affirm").

. S.C. argued to the Court of Civil Appeals on appeal, very generally, that there was no evidence to support the circuit court's finding of contempt. In support of this argument S.C. cited cases addressing the ore tenus rule. See Silverman v. Charmac, Inc., 414 So.2d 892 (Ala.1982); Davis v. Davis, 588 So.2d 473 (Ala.Civ.App.1991).

. Rule 33.1, Ala.R.Crim.P. has been amended since the contempt proceeding in this case, so that Rule 33 no longer applies to contempts arising out of civil actions. But see Ala.R.Civ.P. 70A (Interim) (effective July 11, 1994). Also, by an amendment effective October 1, 1995, the word “(Interim)” has been removed from Rule 70A.

. In Ex parte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965), this Court distinguished civil and criminal contempt, stating:
‘‘[A] civil contempt consists in failing to do something ordered to be done by a court in a civil action, for the benefit of the opposing party therein. A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court, as distinguished from a civil contempt which invokes the power of the court to commit one who is continuing to violate its orders until he complies with them.”
277 Ala. at 482, 172 So.2d at 46. Here, the circuit court’s order can be construed as committing S.C. for his continuing violation of the court’s orders, and may, therefore, constitute an adjudication of civil contempt.

. United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947), and State v. Thomas, 550 So.2d 1067 (Ala.1989), hold that a party’s actions may support a finding of both civil and criminal contempt. In United Mine Workers of America, the United States Supreme Court noted that ”[d]is-posing of both aspects of the contempt in a single proceeding would seem at least a convenient practice”, 330 U.S. at 299, 67 S.Ct. at 698-99, and that a petitioner need not specifically mention that adjudication of both civil and criminal contempt is sought. 330 U.S. at 300, n. 73, 67 S.Ct. at 699, n. 73. The Court of Civil Appeals upheld the circuit court's determination that an actor was in both civil and criminal contempt in Klingler v. White, 465 So.2d 405 (Ala.Civ.App.1984), and in Wilson v. Freeman, 402 So.2d 1004 (Ala.Civ.App.1981).