WRIGHT, Retired Appellate Judge.
On May 31, 1995, James C. Kelton, Sr. (father), filed a detinue action in the Etowah County Circuit Court against James C. Kel-ton, Jr. (son), seeking the return of, among other things, a welder, a battery charger, a scanner, a 1972 Kenworth wrecker, a 1989 Ford “rollback” wrecker, and a 1988 “Silver-ado” wrecker. The father alleged that the listed items of property belonged to his business.
After a hearing, the trial court entered an order, directing the son to return all of the listed items of property, except the welder, a 1988 Freightliner truck, and the scanner, or to post a $50,000 bond. The trial court also directed the father to post a $25,000 bond and to pay the indebtedness of the “Kelton Body Shop” pending a final hearing. One week later, the trial court, ex mero motu, entered an order, directing the son to pay the indebtedness of the “Kelton Body Shop” pending a final hearing. The son filed a motion to alter, amend, or vacate the ex mero motu order, which the trial court denied. Subsequently, both the father and the son posted the appropriate bonds.
The father filed a petition, requesting that the trial court hold the son in contempt of court for his failure to pay the indebtedness of “Kelton Body Shop.” The son filed an answer and a motion for a summary judgment, asserting, among other things, that because the father had filed for bankruptcy protection five months before he filed his action against the son, the father’s action was barred by the doctrine of judicial estoppel.
Following oral proceedings, the court entered a judgment on November 14, 1996, finding that the father owned the “Kelton Body Shop” and the “Kelton Wrecker Service.” The court also found that the son had willfully violated its previous orders, which directed the son to pay the indebtedness of “Kelton Body Shop” and to return the items of property to the father. The court held the son in contempt of court and ordered him to serve 180 days in the Etowah County Jail. The son was immediately incarcerated.
The son filed a petition for a writ of habeas corpus. Following a hearing, the trial court amended its November 14, 1996, judgment, found the son in criminal contempt of court, and found he had committed four separate violations of the court’s orders. The trial court ordered the son released from jail on December 2,1996. *1238 The son appeals, contending that the father’s action was barred by the doctrine of judicial estoppel and that, therefore, the trial court abused its discretion in holding him in criminal contempt of court.
When the trial court is presented evidence ore tenus, its findings of fact are presumed correct, and its judgment based on those findings of fact will not be reversed unless it is clearly erroneous, manifestly unjust, without supporting evidence, or against the great weight of the evidence. Odom v. Hull, 658 So.2d 442 (Ala.1995). Where the question presented on appeal is one of law, the ore tenus rule has no application. Ex parte Perkins, 646 So.2d 46 (Ala.1994).
The Alabama Supreme Court recognized the doctrine of judicial estoppel in Selma Foundry & Supply Co. v. Peoples Bank & Trust Co., 598 So.2d 844 (Ala.1992). The doctrine of judicial estoppel “ ‘applies to preclude a party from assuming a position inconsistent with one previously asserted.’ ” Selma Foundry, 598 So.2d at 846 (quoting Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3rd Cir.1988)).
The record reveals the following pertinent facts: The father filed for Chapter 13 bankruptcy protection on January 4, 1995. The items of property that the father listed in his complaint were the assets of the “Kelton Body Shop.” The father did not disclose a claim against the son as a potential asset on his bankruptcy petition, nor did the father list the “Kelton Body Shop” or the “Kelton Wrecker Service” as assets on his bankruptcy petition. On December 1, 1995, the bankruptcy court confirmed the father’s Chapter 13 plan for the payment of his debts.
A debtor in bankruptcy must disclose any litigation likely to arise in a non-bankruptcy contest. Luna v. Dominion Bank of Middle Tennessee, 631 So.2d 917 (Ala.1993); Selma Foundry, supra. In Luna, the debtor instituted bankruptcy proceedings and failed to disclose any claim-against Dominion Bank of Middle Tennessee on his bankruptcy petition. Eighteen months after the bankruptcy court discharged Luna’s debts, Luna filed a lawsuit against Dominion Bank. The trial court entered a summary judgment in favor of Dominion Bank. Luna appealed the judgment to the supreme court, which held that the doctrine of judicial estoppel applied to Luna’s lawsuit and affirmed the judgment of the trial court.
From our review of the record, we conclude that the doctrine of judicial estoppel pleaded by the son applies to the father’s lawsuit against the son. The father is es-topped from claiming any interest in the “Kelton Body Shop” or its assets. Therefore, the trial court erred in holding that the father owned the “Kelton Body Shop” and its assets and in ordering the return of the “Kelton Body Shop” assets to the father. Selma Foundry, and Luna, supra.
Next, we address whether the trial court abused its discretion in holding the son in criminal contempt of court.
Contempt is divided into four classes: (1) direct, (2) constructive, (3) criminal, and (4) civil. Rule 70A, Ala. R. Civ. P. Criminal contempt is “willful disobedience c resistance of any person to a court’s lawful writ, subpoena, process, order, rule, or command, where the dominant purpose of the finding of contempt is to punish the contemnor.” Rule 70A(a)(2)(C)(ii). “[A] party can be punished for criminal contempt of court only upon an adjudication based upon proof of guilt beyond a reasonable doubt.” S.C. v. J.R.W., 667 So.2d 84, 86 (Ala.Civ.App.1994), rev’d on other grounds, Ex parte J.R.W., 667 So.2d 88 (Ala.1995). Our supreme court has recognized that criminal contempt proceedings are punitive in nature and that their purpose is to vindicate the dignity of the' court. Ex parte NAACP, 265 Ala. 349, 91 So.2d 214 (1956).
The trial court found the son in criminal contempt of court for four specific violations: (1) failure to pay the indebtedness of the “Kelton Body Shop,” (2) failure to assist the sheriff of Etowah County in the recovery of property in December 1995, (3) disposal of a certain truck in violation of the court’s order, and (4) deliberate damage and/or destruction of property.
As stated, the father was estopped from prosecuting his lawsuit against the son; *1239 therefore, the trial court lacked the authority to order the son to return the assets of the “Kelton Body Shop” to the father. Norman Bridge Drug Co. v. Banner, 529 F.2d 822 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit has stated “even when a court issues an order which it had not the power or authority to issue, in matters of criminal contempt the disobedient party may be held [in contempt] and appropriately punished. This is [so, even] if the order is later found to have been invalid, even to the extent of infringing [on the con-demnor’s] constitutional rights.” Norman Bridge Drug Co., 529 F.2d at 827 (citations omitted); see also Maness v. Meyers, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). Consequently, we conclude that, although the trial court lacked the authority to order the son to return the property, the son was required to obey the trial court’s orders unless he obtained a stay of the orders. Maness.
After carefully reviewing the record, we find that there was insufficient evidence produced in the November 13, 1996, show cause hearing to prove the son guilty of criminal contempt of court beyond a reasonable doubt for three of the four alleged violations. The son admitted that he sold a certain truck in March or April 1996 in violation of a court order. The son testified that he had paid the debts of the “Kelton Body Shop”, which other witnesses confirmed.
Based upon our review of the record, we conclude that the evidence in the November show cause hearing did prove beyond a reasonable doubt that the son had willfully disobeyed a court order by disposing of a certain truck. However, we conclude that the trial court abused its discretion in finding the son in criminal contempt of court for failing to pay the indebtedness of the “Kelton Body Shop,” for failing to assist the sheriff in the recovery of property, and for deliberately damaging or destroying property in his possession.
The portion of the judgment of the trial court holding the son in criminal contempt of court for disposing of a certain truck is affirmed. We reverse the remaining portions of the judgment, and we remand this cause to the trial court for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.