WRIGHT, Retired Appellate Judge.
This is the second time that these parties have been before this court. Kelton v. Kelton, 709 So.2d 1236 (Ala.Civ.App.1997) (Kelton I). In Kelton I, we affirmed that portion of the judgment which held James C. Kelton, Jr. (the son), in criminal contempt of court for disposing of a certain truck. We reversed the remaining portions of the judgment, which found that James C. Kelton, Sr. (father), was the owner of the “Kelton Body Shop” (Body Shop) and its assets and found the son in criminal contempt on three other alleged violations of a court order. This court directed the trial court to enter a judgment consistent with our opinion.
On remand, the trial court entered a judgment, stating, in pertinent part, as follows:
'“This matter comes before the court on remand from the Alabama Court of Civil Appeals, and this court having reviewed said opinion and pleadings submitted, it is the opinion of the court as follows:
“On May 31, 1995, the [father] filed a detinue action seeking the return of certain items of property. The complaint did not seek to establish ownership of any entity known as ‘Kelton Body Shop,’ and there were no amendments or counterclaims which brought the ownership of this business into issue. However, there were questions surrounding ownership of certain items of property listed in said complaint which might have been purchased under the name of ‘Kelton Body Shop.’ Therefore, the ownership of the business known as ‘Kelton Body Shop,’ or otherwise, was not properly before this court.
“On remand, it is ORDERED, ADJUDGED, AND DECREED that the previous entry of judgment by this court is reversed; and any references to the ownership of ‘Kelton Body Shop’ in the original order are hereby deleted since the [son] filed no counterclaim seeking ownership of said entity and, thus, said entity was not at issue. The [father] is hereby ordered to return to the [son] any and all property originally recovered from the [son] after this court’s original order was issued.”
The son appeals, contending that the trial court’s judgment is inconsistent with this court’s directions in Kelton I and that, therefore, the judgment of the trial court should be reversed.
Our supreme court has held as follows:
“ ‘It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered.... The appellate court’s *872 decision is final as to all matters before it, becomes the law of the case, and must be executed according to mandate, without granting a new trial or taking additional evidence...
Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983) (quoting 5 Am.Jur.2d Appeal and Error § 991 (1962)). See also Ex parte Edwards, 727 So.2d 792 (Ala.1998).
The record reveals the following pertinent, facts: In his petition, the father asserted that he owned the Body Shop and that his son had taken certain items of property. At a hearing on the father’s petition, the son presented a bill of sale which, he said, proved his ownership of the Body Shop. The son, in his motion to reconsider, again asserted his ownership of the Body Shop. In various subsequent pleadings, the son repeatedly asserted that he owned the Body Shop. Following oral proceedings, the trial court entered a judgment in favor of the father, finding that the son’s bill of sale was “ineffective,” because he induced the sale by fraud and misrepresentation. The trial court also found that the father owned the Body Shop and the “Kelton Wrecker Service.”
When an issue not raised in the pleadings is “tried by express or implied consent of the parties,” the pleadings may be amended “to conform to the evidence.” Rule 15(b), Ala. R. Civ. P.; see Jackson v. Weaver, 516 So.2d 702 (Ala.Civ.App.1987). Whether the pleadings are to be deemed amended in order to conform to the evidence presented and whether an issue has been tried by “express or implied consent of the parties” within the meaning of Rule 15(b) are matters within the discretion of the trial court. McCollum v. Reeves, 521 So.2d 13 (Ala.1987). The trial court’s judgment on those questions will not be reversed on appeal absent an abuse of that discretion. Id. It appears that both the father and the son presented evidence at trial regarding the issue of the ownership of the Body Shop and the “Kelton Wrecker Service.” Although not expressly stated, the trial court amended the pleadings to conform to the evidence and issued a ruling regarding the ownership of the Body Shop and the “Kelton Wrecker Service.” On appeal, the son contested the father’s right to claim the Body Shop and the “Kelton Wrecker Service” or the assets of those businesses. Kelton I, supra.
In Kelton I, we held that the trial court erred in holding that the father owned the Body Shop and its assets and in ordering the return of the Body Shop assets to the father. We instructed the trial court to enter “a judgment consistent with this opinion.” Kelton, 709 So.2d at 1239. The judgment of the trial court issued after remand was not consistent with this court’s opinion in Kelton I. In fact, rather than following the directive of this court, the trial court has attempted to amend its original judgment to delete any reference to the ownership of the Body Shop. Consequently, because the ownership of the Body Shop was an issue at trial, and because we concluded in Kelton I that the father was judicially estopped from suing the son regarding the Body Shop, we conclude that the trial court erred in failing to find the son to be the owner of the Body Shop. Therefore, the judgment of the trial court is reversed. Further, because we are not convinced that the trial court will enter a judgment consistent with this opinion, we render a judgment in favor of the son, declaring him to be the owner of the Body Shop and its assets.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12 — 18— 10(e), Ala.Code 1975.
REVERSED AND RENDERED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in the result.